— **EXHIBIT A** —

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| GERISUE HANCOCK, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL NO. 7R,<br><br>        Defendant. | **PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL**<br><br>Civil Action No.: 1:25-cv-03013-TPO |
| ZACHARY LEWIS, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL NO. 7R,<br><br>        Defendant. | Civil Action No.: 1:25-cv-03063 |
| LANCE HEATH, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL NO. 7R,<br><br>        Defendant. | Civil Action No.: 1:25-cv-03105 |

## PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT
## <u>INTERIM CO-LEAD CLASS COUNSEL</u>

Plaintiff Gerisue Hancock (Plaintiff in related case *Hancock v. United Food and Commercial Workers Union, Local No. 7R*, Case No. 1:25-cv-03013-TPO), Plaintiff Zachary Lewis (Plaintiff in related case *Lewis v. United Food and Commercial Workers Union, Local No. 7R*, Case No. 1:25-cv-03063), and Plaintiff Lance Heath (Plaintiff in *Heath v. United Food and Commercial Workers Union Local No. 7R*, Case No. 1:25-cv-03105) (collectively, "Plaintiffs") hereby move this Court to enter an order (1) consolidating the above-captioned cases (the "Related Actions") pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, (2) appointing Raina C. Borrelli of Strauss Borrelli PLLC and Jeff Ostrow of Kopelowitz Ostrow P.A. as Interim Co-Lead Counsel ("Proposed Interim Co-Lead Counsel") pursuant to Fed. R. Civ. P. 23(g).[1]

This Motion also seeks to stay all case deadlines in the cases proposed for consolidation during the pendency of this Motion, including deadlines for Defendant United Food and Commercial Workers Union, Local No. 7R ("Defendant") to respond to the respective complaints. Plaintiffs request that Defendant's response to the respective complaints be set as follows: if the Court grants the Motion to Consolidate, 30 days from the filing of a consolidated complaint; or if the Court denies the Motion to Consolidate, 30 days from the date of the Court's Order of Denial.

## <u>D.C. COLO. L Civ R 7.1 CERTIFICATION</u>

Pursuant to D.C.COLO.LCivR 7.1.A, counsel for the Plaintiffs conferred with counsel for all Plaintiffs in each of the above-captioned actions that Plaintiffs are seeking to consolidate. Undersigned counsel report that all such Plaintiffs agree to consolidation and appointment of

---

[1] A copy of Proposed Order is annexed hereto as ***Exhibit C***.

Interim Co-Lead Counsel as requested herein. Defendant has not yet entered an appearance in any of the Related Actions.

## I.     INTRODUCTION

The Related Actions arise from Defendant's failure to adequately safeguard the Private Information of its current and former union members, which was collected by Defendant as a condition of providing membership to union services. This failure led to a Data Breach discovered by Defendant in December 2024, which compromised the Private Information of 55,747 its former and current union members, including their full names and Social Security numbers (collectively, "Private Information").

Accordingly, the Related Actions similarly allege, *inter alia*, that Defendant knew, or should have known that its members' Private Information was a target for malicious actors but, despite that knowledge, Defendant failed to implement and maintain reasonable and appropriate data privacy and security measures to protect Plaintiffs' and class members' Private Information from anticipated cyberattacks. Plaintiffs submit substantially similar allegations that they and class members have been injured by Defendant's negligence, breach of implied contracts, and unjust enrichment on behalf of overlapping classes.

Consolidation should be granted as (a) the Related Actions involve common parties and similar issues of law and fact (asserting largely overlapping causes of action related to the same Data Breach), (b) the putative class representatives in each of the Related Actions seek to represent similar classes of persons (collectively referred to herein as the "Class") Private Information was compromised as a result of the Data Breach discovered by Defendant in December 2024 and for which it provided notice, (c) Plaintiffs and the proposed Class were similarly impacted by the Data

Breach, and (d) the Related Actions arise out of similar circumstances, thus making consolidation under Fed. R. Civ. P. 42(a) appropriate.

In addition, Proposed Interim Co-Lead Counsel satisfy the elements of Fed. R. Civ. P. 23(g) and are well-suited to lead the prosecution of this litigation on behalf of Plaintiffs and the proposed Class because, among other reasons, they have spent a significant amount of time and effort investigating, researching, and litigating the cases, are most familiar with the legal and factual issues in question, and intend to pursue a strategy that works best for the interests of the putative Class that Plaintiffs seek to represent.

Proposed Interim Co-Lead Counsel focus their practices on, and have extensive experience in, complex class action litigation, including data breach litigation, *i.e.*, the types of claims and allegations at issue in the Related Actions. Further, Proposed Interim Co-Lead Counsel's respective firms have the resources to effectively and efficiently pursue this action and have already committed sufficient resources to this litigation. Proposed Interim Co-Lead Counsel will work together and with other plaintiffs' counsel to litigate this matter to a successful conclusion.

## II.    ARGUMENT

### A.    The Related Actions Should Be Consolidated.

Federal Rule of Civil Procedure 42(a) allows for consolidation of cases "involving common issues of law or fact as a matter of convenience and economy in judicial administration." Fed. R. Civ. P. 42(a). The Court has broad discretion to decide whether to consolidate matters. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Further, "[t]he consent of the parties is not required by Rule 42(a) for consolidation." Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2383 (2d ed. 1994). When deciding whether to consolidate the actions, "the court

must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause." *Id.* "[D]istrict courts generally take a favorable view of consolidation." *Id.* at § 2383.

Here the Related Actions should be consolidated. Consolidation would save time and effort, as it would avoid duplicative motion practice and discovery. The actions raise the same common questions of law and arise from the same set of facts surrounding Defendant's alleged failure to properly secure, safeguard, and protect the Private Information of Defendant's former and current members in the same Data Breach. The Related Actions will involve substantially the same discovery. Consolidation would add efficiency and consistency in judicial rulings and reduce delay and costs. *See Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004).

Indeed, if not consolidated, the Related Actions would result in virtually identical discovery requests, duplicative motion practice, and would cause an unnecessary drain on judicial resources. This is still true despite minor variations in class definitions and state-specific causes of actions. As explained in *Kaplan v. 21st Century Oncology Holdings*, a data breach case, where the court granted a motion to consolidate various class complaints:

> [T]he Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well....
>
> To be sure, the complaints in some of the cases assert claims that are not raised in the other related cases. Moreover, the putative class definitions vary among the related cases. Consolidation does, therefore, carry with it some risk of prejudice and also the possibility of confusion based upon these variations. The Undersigned finds, nevertheless, that the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues. In other words, with thirteen separate cases pending, the Undersigned finds that the risk of

inconsistent adjudications of common factual and legal issues far outweighs any specific risks of prejudice and possible confusion that may be caused by variations in claims and class definitions. Moreover, the nuances in claims and putative class definitions can likely be addressed in the consolidated amended complaint through the use of putative subclasses once the request to appoint interim class counsel has been addressed.

*Kaplan v. 21st Century Oncology Holdings, Inc*., No. 2:16-cv-210, 2016 WL 9383330, at

*2-3 (M.D. Fla. July 21, 2016), adopted, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016) (internal

citations omitted). To this end, courts have recognized that consolidation is appropriate in data

breach cases where two or more cases arise from the same occurrence. *See, e.g.*, *id*., at *2 ("[A]ll

of the cases appear to arise from the same alleged data breach. Additionally, all of the cases are

pled as class actions with class allegations under Fed. R. Civ. P. 23, and all of the cases share at

least one similar substantive claim: negligence. Moreover, all cases were filed against a common

Defendant."); *In re Rutter's Inc. Data Security Breach Litigation*, No. 1:20-cv-382, ECF No. 12

(M.D Pa. Mar. 26, 2020) (consolidating two data breach class actions), ECF No. 17 (April 3, 2020)

(later consolidating two additional actions that were filed into the consolidated action). Finally,

Defendant will suffer no prejudice by litigating one consolidated action rather than these three or

potentially more separate actions, and as a result, consolidation is appropriate.

In addition, pursuant to Local Rule 7.1.A, and to ensure continued judicial efficiency, the

Court should order that any future actions that are filed, transferred, or removed to this Court based

on the same or similar facts and circumstances be consolidated with this case. *See*

D.C.COLO.LCivR 7.1.A ("Consolidated cases shall be reassigned to the judicial officer(s) to

whom the lowest numbered consolidated case was assigned."); *see also In re Rutter's Inc. Data

Security Breach Litig*., ECF No. 17 ("[T]he Clerk of Court is directed to mark as 'Related' and to

consolidate with this action all future actions that are filed in, transferred to, or removed to this District that relate to the same data breach at issue in this case.").

### B. The Court Should Appoint Interim Co-Lead Counsel.

#### 1. Legal Standard Under Rule 23(g)(3)

Federal Rule of Civil Procedure 23(g)(3) provides, "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." The appointment of leadership here is appropriate (and necessary) in light of the substantially overlapping claims and issues in all three cases. *See* Manual for Complex Litigation, § 21.11 at 246 (4th ed. 2004) ("*Manual*") (When "there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. *In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during* precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and *negotiating settlement*.") (emphasis added). Here, the Court should appoint Interim Co-Lead Class Counsel to clarify the responsibilities among counsel for protecting the interests of the Class, and to determine who will be able speak with one legitimate, unified voice for all Plaintiffs when negotiating with Defendant, or making decisions in prosecuting the case.

Federal Rule of Civil Procedure 23(g)(4) mandates that class counsel "fairly and adequately represent the interests of the class." While Rule 23(g)(3) provides no criteria for selecting interim counsel, Rule 23(g)(1)(A), which addresses the appointment of class counsel, provides that in appointing class counsel, the Court must consider the following:

      i.      the work counsel has done in identifying or investigating potential claims in the action;

      ii.      counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

      iii.      counsel has knowledge of the applicable law; and

      iv.      the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "When appointing interim class counsel under Rule 23(g)(3), courts generally look to the same factors used in determining the adequacy of class counsel set forth in Rule 23(g)(1)(A)." *Chen v. Target Corp.*, No. 21-cv-1247 (DWF) (DTS), 2021 WL 6063632, at *2 (D. Minn. Dec. 22, 2021); *see also In re Navistar Maxxforce Engines Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 14-cv-10318, 2015 WL 1216318, at *1 (N.D. Ill. Mar. 5, 2015) ("It is generally accepted that the same considerations that govern the appointment of class counsel once a class is certified govern the designation of interim class counsel before certification."). Thus, the same factors apply here for the Court's analysis.

### i. Proposed Interim Co-Lead Counsel Performed Substantial Work in Investigating this Action

Under the first Rule 23(g)(1)(A) factor, Proposed Interim Co-Lead Counsel have committed appropriate, yet substantial, time and resources to investigating and researching the potential legal theories and claims at issue and researching and reviewing information relating to the factual underpinnings of the Data Breach and this litigation. Proposed Interim Co-Lead Counsel have also made significant efforts to organize with counsel for Plaintiffs in all three cases to help ensure the case moves forward efficiently and with universal support

amongst the filed cases. Proposed Interim Co-Lead Counsel are familiar with the facts and
legal issues in this matter and intend to continue their pursuit of the claims on behalf of
Plaintiffs and the Class.

Proposed Interim Co-Lead Counsel have conducted all of the work necessary to
aggressively and efficiently prosecute this litigation thus far, and they stand ready, willing,
and able to continue to devote the substantial effort and resources (including the advancement
of all necessary costs and expenses, including expert costs) to aggressively litigate the claims
for Plaintiffs and the Class, in order to reach the best possible result, not just the quickest.

> **ii.     Proposed Interim Co-Lead Counsel are Knowledgeable and
> Experienced in Leading and Successfully Resolving Complex
> Consumer Class Actions, Including Data Breach Litigation**

Proposed Interim Co-Lead Counsel more than satisfy the second and third Rule
23(g)(1)(A) factors. Proposed Interim Co-Lead Counsel have the requisite knowledge and
experience in Data breach cases, which present unique and novel issues of fact and law that are
always evolving. *See, e.g.*, *Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1415, 2019 WL
6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases… are particularly risky, expensive,
and complex."); *In re Sonic Corp. Customer Data Breach Litig.*, No. 1:17-md-2807, 2019 WL
3773737, at *7 (N.D. Ohio Aug. 12, 2019) ("Data breach litigation is complex and risky. This
unsettled area of law often presents novel questions for courts."); *Fulton-Green v. Accolade, Inc.*,
No. 18-cv-274, 2019 WL 4677954, at *8 (E.D. Pa. Sept. 24, 2019) ("This is a complex case in a
risky field of litigation because data breach class actions are uncertain and class certification is
rare."). Because data breach cases require an understanding of the technical issues of data hacking,
data privacy measures, and industry standards, appointing interim co-lead class counsel

experienced in such complex class action litigation, including data breach and privacy litigation and related issues, is in the best interest of the Class. *See, e.g.*, *Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel."); *In re Terazosin Hydrochloride Antitrust Litigation*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) ("The consideration that the Court finds to be most persuasive, however, relates to Co-Lead Counsel's experience in, and knowledge of, the applicable law in this field.").

Here, Proposed Interim Co-Lead Counsel have extensive experience leading consumer class actions, including those involving data breach and data privacy issues against large corporate defendants. Proposed Interim Co-Lead Counsel's qualifications are further detailed below:

### Raina C. Borrelli – Strauss Borrelli PLLC

Raina Borrelli is a is a founding partner of Strauss Borrelli PLLC where she leads the firm's class action litigation practice. Ms. Borrelli received her J.D. magna cum laude from the University of Minnesota Law School in 2011. Prior to joining Strauss Borrelli, Ms. Borrelli was a partner at Gustafson Gluek PLLC, a boutique class action firm in Minneapolis, Minnesota, where she successfully prosecuted complex class actions in federal and state courts, including *Hudock v. LG Electronics USA, Inc.*, 16-cv-1220 (JRT/KMM) (D. Minn.); *Baldwin v. Miracle-Ear, Inc.*, 20-cv-01502 (JRT/HB) (D. Minn.); *In re FCA Monostable Gearshifts Litig.*, 16-md-02744 (E.D. Mich.); *Zeiger v. WellPet LLC*, 17-cv-04056 (N.D. Cal.); *Wyoming v. Procter & Gamble*, 15-cv-2101 (D. Minn.); *In re Big Heart Pet Brands Litig.*, 18-cv-00861 (N.D. Cal.); *Sullivan v. Fluidmaster*, 14-cv-05696 (N.D. Ill.); *Rice v. Electrolux Home Prod., Inc.*, 15-cv-00371 (M.D. Pa.); *Gorczynski v. Electrolux Home Products, Inc.*, 18-cv-10661 (D.N.J.); *Reitman v. Champion*

*Petfoods*, 18-cv-1736 (C.D. Cal.); *Reynolds, et al., v. FCA US, LLC*, 19-cv-11745 (E.D. Mich.). Ms. Borrelli has repeatedly been named to the annual Minnesota "Rising Star" Super Lawyers list (2014-2021) by SuperLawyers Magazine. She has also been repeatedly certified as a North Star Lawyer by the Minnesota State Bar Association (2012-2015; 2018-2020) for providing a minimum of 50 hours of pro bono legal services.

Ms. Borrelli has significant experience in data privacy litigation and is currently litigating hundreds of data breach cases in courts around the country as lead counsel or co-counsel on behalf of millions of data breach victims, including *In re Netgain Tech. Consumer Data Breach Litig.*, 21-cv-1210 (D. Minn.) (appointed by the court to the Plaintiffs' Interim Executive Committee); *In re C.R. England, Inc. Data Breach Litig.*, 2:22-cv-374-DAK-JCB (appointed by the court has Interim Co-Lead Counsel); *Medina et al. v. PracticeMax Inc.*, 22-cv-01261-DLR (D. Ariz.) (appointed to Executive Leadership Committee); *Forslund et al. v. R.R. Donnelley & Sons Co.*, 1:22-cv-04260 (N.D. Ill.) (appointed as interim co-lead class counsel); *In re Lincare Holdings, Inc. Data Breach Litig.*, 8:22-cv-01472 (M.D. Fla.) (appointed to Interim Executive Leadership Committee, achieving a $7.25 million settlement for the class); *In re Thompson Coburn Data Security Litig.*, 4:24-cv-1509 (E.D. Mo.) (appointed interim co-lead class counsel); *In re CDK Global Data Security Consumer Litig.*, 1:24-cv-05221 (N.D. Ill.) (appointed interim co-lead counsel); *Grogan v. McGrath RentCorp., Inc.*, 22-cv-490 (N.D. Cal.); *Darrin et al. v. Huntington Ingalls Indus.*, 4:23-cv-00053 (E.D.V.A.) (appointed interim co-lead class counsel); *Hulewat et al. v. Medical Management Resource Group, LLC*, 2:24-cv-00377 (D. Ariz.) (appointed Interim Co-Lead Class Counsel); *In re CDK Global Data Security Breach Litig.*, 1:24-cv-05221 (N.D. Ill.) (appointed Interim Co-Lead Class Counsel); *Garcia et al. v. Set Forth, Inc. et al.*, 1:24-cv-11688

(appointed Interim Co-Lead Class Counsel following contested motion practice).

In addition to her robust data breach practice, Ms. Borrelli is also currently litigating a variety of consumer protection cases, including under the TCPA, various state right of publicity laws, and under the Illinois Biometric Information Privacy Act, including: *Murray, et al. v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, 19-cv-12608 (D. Mass.) ($14 million TCPA class settlement); *Baldwin, et al. v. Miracle-Ear, Inc., et al.*, 20-cv-1502 (D. Minn.) ($8 million TCPA class settlement); *Callahan v. PeopleConnect, Inc.*, 20-cv-9203 (N.D. Cal.); and *Kellman et al. v. Spokeo*, 21-cv-08976 (N.D. Cal.).

Additionally, Ms. Borrelli has substantial experience leading discovery teams in complex class action matters and working with class damages experts and class damages models in consumer protection cases.

Strauss Borrelli's qualifications are further detailed in the accompanying firm resume attached as ***Exhibit 1***.

### Jeff Ostrow - Kopelowitz Ostrow Ferguson Weiselberg Gilbert

Jeff Ostrow is the Managing Partner of Kopelowitz Ostrow P.A. and has been practicing law for 28 years. Mr. Ostrow established the South Florida-based firm immediately following his graduation from Nova Southeastern University in 1997 and has since grown it to 25 attorneys. Beyond managing the firm, Mr. Ostrow heads the class action department and maintains a full caseload of nationwide class actions. Although Mr. Ostrow currently only represents class plaintiffs, he has prior experience defending large companies in class actions, including banks, commercial lenders, and tech companies, which affords him a valuable perspective and advantage in litigation and settlement.

Mr. Ostrow oversees one of the largest data breach groups in the country. He is currently Lead Counsel in MDL-3090, *In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.), which involves 10 defendants and 6 million people. Additional examples of cases in which he serves as Lead Counsel include *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.), affecting 8 million individuals; *In re Zeroed-In Techs., LLC Data Breach Litig.*, No. 1:23-cv-03284-BAH (D. Md.), affecting 2 million individuals, *Harrell v. WebTPA Employer Servs. LLC*, No. 3:24-cv-01160 (N.D. Tex.), affecting 2.5 million individuals; *Stallone v. Fin. Bus. & Consumer Sols., Inc.*, No. 2:24-cv-01876 (E.D. Pa.), affecting almost 2 million individuals; *Gambino v. Berry, Dunn, Mcneil & Parker LLC*, No. 2:24-cv-146 (D. Me.), affecting 1.1 million individuals; *Mclean v. Signature Performance, Inc.*, No. 8:24-cv230 (D. Neb.), affecting at least 106,540; *Wilson v. Frontier Comm'ns Parent, Inc.*, No. 3:23-CV-01418-L (N.D. Tex.), affecting 750,000; *Flores v. S. Tex. Oncology & Hematology, PLLC*, No. 2024CI13299 (Tex. Dist. Ct., Bexar Cty.), affecting 176,303 patients; *In re HealthEquity, Inc. Data Sec. Incident Litig.*, No. 2:24-cv-528 (D. Utah), affecting 4.3 million patients; *Griffiths v. Kootenai Health, Inc.*, No. 2:24-cv-205 (D. Idaho), affecting 827,149 patients; *Butler v. Acadian Ambulance Serv., Inc.*, No. 6:24-cv-01011 (W.D. La.), affecting 3 million patients; and *In re DISA Global Data Breach Litig.*, No. 4:25-cv-00821 (S.D. Tex.), affecting 3.3 million people.

For about 13 years, Mr. Ostrow's firm served as Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litigation*, No. 1:09-MD-02036-JLK (S.D. Fla.), a large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks, and is Liaison Counsel in *In re Disposable Contact Lens Antitrust Litigation*, No. 3:15-md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date.

Moreover, Mr. Ostrow's firm is co-counsel for Broward County and the City of Fort Lauderdale in *In re: National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.), helping clients recover $100 million and $26 million, respectively.

Federal judges have recognized Mr. Ostrow's commitment to excellence. In *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422, 432 (S.D. Cal. 2018), in which Mr. Ostrow served as lead counsel on behalf of millions of people, United States District Judge James Lorenz made the following observation when granting final approval of a settlement that included a $68 million recovery and $1.2 billion in injunctive relief requiring the defendant bank to stop an enormously lucrative practice:

> Class Counsel achieved this result through tenacity and great skill. In all of their written submissions and in their presentation at the Final Approval Hearing, Class Counsel's arguments were laudably clear and precise, no small feat given the complexity of the legal questions at issue here. It is clear that substantial preparation went into all of Class Counsel's work on this case.

Similarly, when approving a $13 million settlement in which Mr. Ostrow was one of the lead counsel, United States District Judge James Lawrence King commented that "Class Counsel's efforts in pursing and settling these consumer claims were, quite simply, outstanding." *In re Checking Account Overdraft Litig.*, 1:09-md-02036-JLK, 2013 WL 11319244, *16 (S.D. Fla. Aug. 2, 2013). In another recent case in which Mr. Ostrow was lead counsel, United States District Judge Jose Martinez noted, "Here, Class Counsel worked extensively and with a high level of skill to advance Plaintiff's claims . . . The case involved difficult factual and legal issues from a global pandemic. . . . Despite the strong defenses presented by Barry [University], Class Counsel obtained an excellent result for the Settlement Class Members." *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-

21813-JEM (S.D. Fla.), ECF No. 84 at 14.

Mr. Ostrow has worked productively with Proposed Interim Co-Lead Counsel in many other cases. He is confident this proposed leadership structure will result in an excellent recovery for all clients and Class Members. A copy Kopelowitz Ostrow P.A.'s firm resume, which includes additional information about Mr. Ostrow and his firm, is attached hereto as ***Exhibit 2.***

      **iii.** **Proposed Interim Co-Lead Counsel are Committed to Devoting Significant Resources and Representing and Advancing the Interests of the Class**

As to the fourth, Rule 23(g)(1)(A) factor, Proposed Interim Co-Lead Counsel are ready, willing, and able to expend the necessary resources to ensure the vigorous prosecution of the claims asserted by the Plaintiffs in these cases. Proposed Interim Co-Lead Counsel have years of experience prosecuting and self-funding complex class action litigation, including actions against some of the largest companies in the world. Proposed Interim Co-Lead Counsel are also willing to advance all costs to prosecute this action and see it through to completion, including advancing costs for document hosting, expert witnesses (for liability and damages if necessary), and trial.

In sum, Proposed Interim Co-Lead Counsel are committed to pursuing the best interests of Plaintiffs and the Class in an efficient manner. They understand the time and resources necessary to pursue this action to a successful resolution. Their firms have already made significant investments of resources and time into the prosecution of these claims.

**III.** **CONCLUSION**

WHEREFORE, Plaintiffs respectfully request the Court enter an order consolidating the Related Actions pursuant to Rule 42(a), and appointing Raina C. Borrelli and Jeff Ostrow of as Interim Co-Lead Class Counsel pursuant to Rule 23(g).

Dated: October 10, 2025                    Respectfully submitted,

/s/Jeff Ostrow
Jeff Ostrow, Esq.
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Tel: 954-332-4200
ostrow@kolawyers.com

*Attorney for Plaintiff Hancock*

Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (872) 263-1100
F: (872) 263-1109
raina@straussborrelli.com

*Attorney for Plaintiff Lewis*

Sean Short
Arkansas Bar No. 2015079
sean@sanfordlawfirm.com
service@eksm.com
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza 10800
Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*Attorney for Plaintiff Heath*

# EXHIBIT 1



One Magnificent Mile
980 N Michigan Avenue
Suite 1610
Chicago, Illinois 60611
P: 872.263.1100
F: 872.263.1109
straussborrelli.com

# Our Firm

Strauss Borrelli PLLC is a premier civil litigation team focused on representing groups of individuals who have been harmed by corporate misconduct. We regularly represent clients in cases involving data misuse, illegal telemarketing, privacy intrusion, unfair employment practices, and defective products. Our efforts have earned us a reputation for achieving success in high-stakes and complex cases across the country.

At every step, we put the interests of our clients first.

## We make the courtroom accessible to all.
At Strauss Borrelli, we understand that our legal system is out of reach for most individuals who have suffered at the hands of corporate wrongdoing. Time, money, and expertise act as barriers to judicial action. We confront these obstacles by empowering those affected to take collective action to seek relief.

## We innovate and adapt.
As new technologies become available, our team learns and grows to make our processes faster, more effective, and less expensive. We challenge each other to continually evolve to meet the needs of our clients in an ever-changing world.

## We know that people are our greatest resource.
Whether it be within our own team or with experts, co-counsel, or clients, we foster collaborative spaces. We know that good ideas can come from anyone, and the best ideas are forged when we work together. Our experiences have shown us that fresh perspectives coupled with legal expertise create smart strategies.

## We understand the strength in numbers.
Too often, corporate transgressions go unchallenged. Together, we create a check against large companies' misconduct. By combining individual claims, we hold those who put profit over people accountable and achieve relief for all those injured by wrongdoings ranging from the annoyance of daily telemarketing calls to the devastation of a sudden mass layoff.

## We commit to personal connections.
At every stage, we help clients understand the complex issues at hand and empower them to take an active role in their cases. We will always take the time to build relationships with our clients in order to understand what success means to them. In defining and reaching our goals, we advise with compassion and understanding.

# Our Cases

## CONSUMER PROTECTION

### *Fowler, et al. v. Wells Fargo Bank, N.A.* (N.D. Cal.)

Filed on behalf of consumers who were overcharged fees on FHA mortgages. The case settled on a class-wide basis for $30,000,000 in 2018, and final approval was granted in January 2019.

### *Jones, et al. v. Monsanto Company* (W.D. Mo.)

Filed on behalf of individuals who purchased mislabeled RoundUp® products. The case settled on a class-wide basis in 2020 for $39,550,000. Final approval was granted in May 2021 and the case is currently on appeal to the United States Court of Appeals for the Eight Circuit.

### *Crawford, et al. v. FCA US LLC* (E.D. Mich.)

Filed on behalf of consumers who purchased or leased Dodge Ram 1500 and 1500 Classic vehicles equipped with 3.0L EcoDiesel engines between 2013 and 2019. Plaintiffs allege unfair, deceptive, and fraudulent practices in the Defendants' marketing and sale of vehicles with allegedly defective EGR coolers. This case is currently pending in the United States District Court for the Eastern District of Michigan.

### *In re: Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litigation* (N.D. Cal.)

Filed on behalf of consumers against Fiat Chrysler and Bosch alleging unfair, deceptive, and fraudulent practices in the Defendants' marketing and sale of certain EcoDiesel vehicles. The class contained over 100,000 vehicles, including 2014-2016 model-year Jeep Grand Cherokees and Dodge Ram 1500 trucks that were allegedly outfitted with devices that masked actual emission levels. The case settled on a class-wide basis for $307,500,000, and final approval was granted in May 2019.

### *Rolland, et al. v. Spark Energy, LLC* (D.N.J.)

Filed on behalf of consumers who were forced to pay considerably more for their electricity than they should otherwise have paid due to Spark Energy's deceptive pricing practices. Plaintiff alleges that Spark Energy engages in a bait-and-switch deceptive marketing scheme luring consumers to switch utility companies by offering lower than local utility rates. These lower rates are fixed for only a limited number of months and then switch to a variable market rate that is significantly

higher than the rates local utilities charge. The case settled on a class-wide basis for $11,000,000 in 2022, and final approval was granted in December 2022.

### *Haines v. Washington Trust Bank* (Wash. Sup. Ct., King Cty.)
Strauss Borrelli attorneys represented consumers who were charged $35 overdraft fees by Washington Trust Bank on accounts that were never actually overdrawn. Plaintiff filed suit against Washington Trust Bank for the unfair and unlawful assessment of these overdraft fees. This case settled on a class-wide basis in 2021, and final approval was granted in November 2021.

### *Pryor v. Eastern Bank* (Mass. Sup. Ct., Suffolk Cty.)
Strauss Borrelli attorneys represented consumers who were charged $35 overdraft fees by Eastern Bank on accounts that were never actually overdrawn. Plaintiff filed suit against Eastern Bank for the unfair and unlawful assessment of these overdraft fees. This case settled on a class-wide basis in 2021, and final approval was granted in March 2021.

### *Benanav, et al. v. Healthy Paws Pet Insurance LLC* (W.D. Wash.)
Strauss Borrelli represents consumers who were deceived by Healthy Paws Pet Insurance, an insurance provider that markets and administers pet insurance policies, regarding the true cost of its pet insurance policies. Plaintiffs allege that purchasers of Healthy Paws Pet Insurance's policies found that their policy premiums increased drastically from year to year, at a rate far outpacing the general costs of veterinary medicine, despite Healthy Paws Pet Insurance's representations to the contrary. This case is currently pending in the United States District Court for the Western District of Washington.

## DATA BREACH

### *Walters v. Kimpton Hotel & Restaurant Group, LLP* (N.D. Cal.)
Filed on behalf of consumers whose private information and personal identifiable information, including credit and debit card numbers, names, mailing addresses, and other personal information, was compromised and stolen from Kimpton Hotel & Restaurant Group by hackers. The case settled on a class-wide basis in 2018, and final approval was granted in July 2019.

### *Reetz v. Advocate Aurora Health, Inc.* (Wis. Cir. Ct., Milwaukee Cty.)
Filed on behalf of employees of Aurora Advocate Health, the 10th largest not-for-profit integrated health care system in the United States, whose personally identifiable information was breached and stolen through an email phishing campaign beginning in January 2020. Many of these individuals have lost time

and money responding to the data breach and they face an ongoing risk of identity theft, identity fraud, or other harm. This case settled in 2023.

**Goetz v. Benefit Recovery Specialists, Inc.** **(Wis. Cir. Ct., Walworth Cty.)**
Strauss Borrelli attorneys represented a class of consumers whose personal health information was compromised and stolen from Benefit Recovery Specialists, Inc., a Houston-based billing and collections services firm that provides billing and collection services to healthcare providers across the country. Many of these consumers have lost time and money responding to the data breach and they face an ongoing risk of identity theft, identity fraud, or other harm. This case settled on a class-wide basis in 2022 and final approval was granted in July 2022.

**In re BJC Healthcare Data Breach Litigation** **(Mo. Cir. Ct., St. Louis Cty.)**
Strauss Borrelli attorneys represented a class of consumers whose personal health information was compromised and stolen from BJC Healthcare, a major regional health system. Many of these consumers lost time and money responding to the data breach and they face an ongoing risk of identity theft, identity fraud, or other harm. This case settled on a class-wide basis in 2021 and final approval was granted in September 2022.

**Daum, et al. v. K & B Surgical Center, LLC** **(Cal. Sup. Ct., Los Angeles Cty.)**
Strauss Borrelli attorneys represented a class of consumers whose personal health information and protected health information was compromised and stolen from K & B Surgical Center. Many of these consumers have lost time and money responding to the data breach and they face an ongoing risk of identity theft, identity fraud, or other harm. The case settled in 2023.

**In re: Netgain Technology, LLC, Consumer Data Breach Litigation** **(D. Minn.)**
Filed on behalf of consumers whose personal identifiable information and protected health information was breached and stolen from Netgain Technology, LLC beginning in September 2020. Strauss Borrelli partner, Raina Borrelli, serves as a member of the Plaintiffs' Interim Executive Committee in this multidistrict litigation. Many of the individuals impacted by the breach have lost time and money responding to the data breach and they face an ongoing risk of identity theft, identity fraud, or other harm. This case is currently pending in The United States District Court for the District of Minnesota.

**Dusterhoff, et al. v. OneTouchPoint Corp.** **(E.D. Wisc.)**
Filed on behalf of 2.6 million consumers whose personal identifiable information and protected health information was breached and stolen from OneTouchPoint Corp., a mailing and printing services vendor, beginning in April 2022. Strauss

Borrelli partner, Raina Borrelli, serves as a member of the Plaintiffs' Steering Committee in this litigation. Many of the individuals impacted by the breach have lost time and money responding to the data breach and they face an ongoing risk of identity theft, identity fraud, or other harm. This case is currently pending in The United States District Court for the Eastern District of Wisconsin.

### *In re Lincare Holdings Inc. Data Breach Litigation* (M.D. Fla.)

Filed on behalf of consumers whose personal identifiable information and protected health information was breached and stolen from Lincare Holdings Inc., a medical products and services provider, beginning in September 2021. Strauss Borrelli partner, Raina Borrelli, serves as a member of the Interim Executive Leadership Committee for plaintiffs and the class in this multidistrict litigation. Many of the individuals impacted by the breach have lost time and money responding to the data breach and they face an ongoing risk of identity theft, identity fraud, or other harm. This case is currently pending in The United States District Court for the Middle District of Florida.

### *Forslund, et al. v. R.R. Donnelley & Sons Company* (N.D. Ill.)

Filed on behalf of consumers whose personal identifiable information was breached and stolen from R.R. Donnelley & Sons Company, a Fortune 500 marketing, packaging, and printing company, beginning in November 2021. Strauss Borrelli partner, Raina Borrelli, serves as interim co-lead counsel for plaintiffs and the class in this litigation. Many of the individuals impacted by the breach have lost time and money responding to the data breach and they face an ongoing risk of identity theft, identity fraud, or other harm. This case is currently pending in The United States District Court for the Northern District of Illinois.

## DATA PRIVACY

### *Patterson v. Respondus, Inc., et al.* (N.D. Ill.)

Filed on behalf of all persons who took an exam using Respondus' online exam proctoring software, Respondus Monitor, in the state of Illinois. Plaintiffs allege that Respondus collects, uses, and discloses students' biometric identifiers and biometric information in violation of Illinois' Biometric Information Privacy Act. This case is currently pending in the United States District Court for the Northern District of Illinois.

### *Powell v. DePaul University* (N.D. Ill.)

Strauss Borrelli attorneys represented a class of DePaul University students located in the state of Illinois who were required to take exams using Respondus Monitor, which collects, uses, and discloses students' biometric identifiers and biometric

information in violation of Illinois' Biometric Information Privacy Act. Plaintiff alleged that DePaul University collects students' biometric identifiers and biometric information without written consent and without legally compliant written public policies. This case settled in 2023.

### Fee v. Illinois Institute of Technology (N.D. Ill.)

Strauss Borrelli attorneys represented a class of Illinois Institute of Technology students located in the state of Illinois who were required to take exams using Respondus Monitor, which collects, uses, and discloses students' biometric identifiers and biometric information in violation of Illinois' Biometric Information Privacy Act. Plaintiff alleged that Illinois Institute of Technology collects students' biometric identifiers and biometric information without written consent and without legally compliant written public policies. This case settled in 2023.

### Harvey v. Resurrection University (N.D. Ill.)

Strauss Borrelli attorneys represented a class of Resurrection University students located in the state of Illinois who were required to take exams using Respondus Monitor, which collects, uses, and discloses students' biometric identifiers and biometric information in violation of Illinois' Biometric Information Privacy Act. Plaintiff alleged that Resurrection University collects students' biometric identifiers and biometric information without written consent and without legally compliant written public policies. This case settled in 2023.

## RIGHT OF PUBLICITY

### Abraham, et al. v. PeopleConnect, Inc., et al. (N.D. California)

Filed on behalf of California residents against PeopleConnect alleging violations of California law that recognizes the intellectual property and privacy rights of individuals to control the commercial use of their names and likenesses. Plaintiffs allege that PeopleConnect violates these legal rights by using California residents' names and childhood photographs in advertisements promoting paid subscriptions to its website, classmates.com. The case is pending in the United States District Court for the Northern District of California.

### Boshears, et al. v. PeopleConnect, Inc., et al. (W.D. Wash.)

Filed on behalf of Indiana residents against PeopleConnect alleging violations of Indiana's Right of Publicity Statute and Indiana's common law prohibiting misappropriation of a name or likeness. Plaintiffs allege that PeopleConnect violates these legal rights by using Indiana residents' personalities, including their names and childhood photographs, in advertisements promoting paid

subscriptions to its website, classmates.com. The case is currently on appeal before the United States Court of Appeals for the Ninth Circuit.

### *Loendorf v. PeopleConnect, Inc., et al.* (N.D. Ill.)
### *Mackey v. PeopleConnect, Inc., et al.* (N.D. Ill.)
Both actions were filed on behalf of Illinois residents against PeopleConnect alleging violations of Illinois' Right of Publicity Act and Illinois common law prohibiting unjust enrichment. Plaintiffs allege that PeopleConnect violates these legal rights by using Illinois residents' names, personas, and personal information in advertisements promoting paid subscriptions to its website, classmates.com, and unlawfully profiting from it. The cases are pending in the United States District Court for the Northern District of Illinois.

### *Sessa, et al. v. Ancestry.com Operations Inc., et al.* (D. Nev.)
Filed on behalf of Nevada residents against Ancestry.com alleging violations of Nevada's right to publicity statute, Nevada law prohibiting deceptive trade practice, Nevada common law protection against Intrusion upon Seclusion, and Nevada Unjust Enrichment law. Plaintiffs allege that Ancestry.com violates these legal rights by knowingly misappropriating the photographs, likenesses, names, and identities of Nevada residents for the commercial purpose of selling access to and advertising them in Ancestry.com products and services without their prior consent. The case is pending in the United States District Court for the District of Nevada.

### *Braundmeier v. Ancestry.com Operations, Inc., et al.* (N.D. Ill.)
Filed on behalf of Illinois residents against Ancestry.com alleging violations of Illinois' Right of Publicity Act and Illinois common law prohibiting unjust enrichment. Plaintiffs allege that Ancestry.com violates these legal rights by knowingly misappropriating the photographs, likenesses, names, and identities of Illinois residents for the commercial purpose of selling access to and advertising them in Ancestry.com products and services without their prior consent. The case is pending in the United States District Court for the Northern District of Illinois.

### *Spindler v. Seamless Contacts Inc.* (N.D. Cal.)
Filed on behalf of California residents against Seamless Contacts Inc. alleging violations of California law that recognizes the intellectual property and privacy rights of individuals to control the commercial use of their names and likenesses. Plaintiffs allege that Seamless Contacts violates these legal rights by using California residents' names, likenesses, photographs, and personas in advertisements promoting paid subscriptions to its website, seamless.ai. The case is pending in the United States District Court for the Northern District of California.

### *Martinez v. ZoomInfo Technologies Inc.* (W.D. Wash.)

Filed on behalf of California residents against ZoomInfo Technologies Inc. alleging violations of California law that recognizes the intellectual property and privacy rights of individuals to control the commercial use of their names and likenesses. Plaintiffs allege that ZoomInfo Technologies violates these legal rights by using California residents' names and person information in advertisements promoting paid subscriptions to its website, zoominfo.com, as well as selling access to their names and personal information as part of its products. The case is currently on appeal before the United States Court of Appeals for the Ninth Circuit.

### *Gbeintor v. DemandBase, Inc., et al.* (N.D. Cal.)

Filed on behalf of California residents against DemandBase, Inc. and InsideView Technologies, Inc. alleging violations of California law that recognizes the intellectual property and privacy rights of individuals to control the commercial use of their names and likenesses. Plaintiffs allege that DemandBase and InsideView Technologies violate these legal rights by using California residents' names, likenesses, photographs, and personas in advertisements promoting paid subscriptions to its website, insideview.com, without their consent. The case is currently on appeal before the United States Court of Appeals for the Ninth Circuit.

### *Kellman, et al. v. Spokeo, Inc.* (N.D. Cal.)

Filed on behalf of California residents against Spokeo, Inc. alleging violations of California law that recognizes the intellectual property and privacy rights of individuals to control the commercial use of their names and likenesses. Plaintiffs allege that Spokeo violates these legal rights by using California residents' names, likenesses, photographs, and personas in advertisements promoting paid subscriptions to its website without their consent. The case is pending in the United States District Court for the Northern District of California.

## TELEPHONE CONSUMER PROTECTION ACT

### *Evans v. American Power & Gas, LLC, et al.* (S.D. Ohio)

Filed on behalf of consumers who received automated solicitation telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* The case settled on a class-wide basis for $6,000,000, and final approval was granted in May 2019.

**Murray, et al. v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh** (D. Mass.)
Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. The case settled on a class-wide basis for $14,000,000 in 2020. Final approval was granted in October 2021 and the case is currently on appeal to the United States Court of Appeals for the First Circuit.

**Goodell, et al. v. Van Tuyl Group**, LLC (D. Az.)
Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. This case settled in 2023.

**Doup v. Van Tuyl Group**, LLC (N.D. Tex.)
Filed on behalf of consumers who received solicitation telephone calls on their cellular and residential telephones that were listed on the National Do-Not-Call Registry, without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. This case settled in 2023.

**Dickson v. Direct Energy, LP, et al.** (N.D. Ohio)
Filed on behalf of consumers who received automated or prerecorded telemarketing telephone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. This case is currently pending in the United States District Court for the Northern District of Ohio.

**Learned, et al. v. McClatchy Company, LLC** (E.D. Cal.)
Filed on behalf of consumers who received solicitation telephone calls on their cellular and residential telephones that were listed on the National Do-Not-Call Registry and/or who requested Defendant stop calling them, without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. This case settled in 2023.

**Rogers, et al. v. Assurance IQ, LLC, et al.** (W.D. Wash.)
Filed on behalf of consumers who received automated solicitation telephone calls on their cellular and residential telephones, some that were listed on the National Do-Not-Call Registry, without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. This case is currently pending in the United States District Court for the Western District of Washington.

# Our Professionals

## SAMUEL J. STRAUSS

Samuel J. Strauss is a founding member of Strauss Borrelli PLLC. Mr. Strauss concentrates his practice in class action litigation with an emphasis on consumer protection and privacy issues. Mr. Strauss has a national practice and appears in federal courts across the country. Over the course of his career, Mr. Strauss has represented plaintiffs in cases which have resulted in the recovery of hundreds of millions of dollars for consumers.

Mr. Strauss received his J.D. with honors from the University of Washington School of Law in 2013. Prior to forming Strauss Borrelli in 2024, Mr. Strauss was a founding member of Turke & Strauss in 2016, in Madison, Wisconsin, where he successfully prosecuted complex class actions in federal and state courts.

Mr. Strauss is a member of bars of the states of Washington, Wisconsin, and Illinois and has been admitted to practice in the United States District Court for the Western District of Washington, United States District Court for the Eastern District of Washington, United States District Court for the Western District of Wisconsin, the United States District Court for the Eastern District of Wisconsin, the United States District Court for the Northern District of Illinois, the United States District Court for the Eastern District of Michigan, and the United States Court of Appeals for the Ninth Circuit.

In recent years, Mr. Strauss has been actively involved in a number of complex class action matters in state and federal courts including:

- *Daum, et al. v. K & B Surgical Center, LLC*, No. 21STCV41347 (Cal. Sup. Ct., Los Angeles Cty.)
- *Reetz v. Advocate Aurora Health, Inc.*, No. 20CV2361 (Wis. Cir. Ct., Branch 22, Milwaukee Cty.)
- *Goetz v. Benefit Recovery Specialists, Inc.*, No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.)
- *Joyner v. Behavioral Health Network, Inc.*, No. 2079CV00629 (Mass. Sup. Ct., Hampden Cty.)
- *In re BJC Healthcare Data Breach Litigation*, No. 2022-CC09492 (Mo. Cir. Ct., St. Louis City)
- *Baldwin, et al. v. National Western Life Insurance Company,* No. 2:21-cv-04066 (W.D. Mo.)

- *Pryor v. Eastern Bank*, No. 1984CV03467-BLS1 (Mass. Sup. Ct., Suffolk Cty.)
- *Murray v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, No. 19-cv-12608 (D. Mass.)
- *Baldwin v. Miracle-Ear, Inc.*, No. 20-cv-01502 (D. Minn.)
- *Goodell v. Van Tuyl Group, LLC*, No. 20-cv-01657 (D. Az.)
- *Weister v. Vantage Point AI, LLC,* No. 21-cv-01250 (M.D. Fla.).
- *Lang v. Colonial Penn Life Insurance Company*, No. 21-cv-00165 (N.D. Fla.)
- *Mackey v. PeopleConnect, Inc.*, No. 1:22-cv-00342 (N.D. Ill.)
- *Sessa v. Ancestry.com Operations Inc., et al.*, No. 2:20-cv-02292 (D. Nev.)
- *Boshears v. PeopleConnect, Inc.*, No. 21-cv-01222 (W.D. Wash.)
- *Braundmeier v. Ancestry.com Operations, Inc.*, No. 1:20-cv-07390 (N.D. Ill.)
- *Martinez v. ZoomInfo Technologies Inc.*, No. 21-cv-05725 (W.D. Wash.)
- *Uhhariet v. MyLife.com, Inc.*, No. 21-cv-08229 (N.D. Cal.)
- *Kellman v. Spokeo, Inc.*, No. 21-cv-08976 (N.D. Cal.)
- *Patterson v. Respondus, Inc.*, No. 20-cv-07692 (N.D. Ill.)
- *Bridges v. Respondus, Inc.*, No. 21-cv-01785 (N.D. Ill.)
- *Hudock v. LG Electronics USA, Inc.*, No. 16-cv-1220 (D. Minn.)
- *Crawford v. FCA US LLC,* No. 20-cv-12341 (E.D. Mich.)
- *Klaehn, et al. v. Cali Bamboo, LLC*, No. 19-cv-01498 (S.D. Cal.)
- *Jones v. Monsanto Company*, No. 19-cv-00102 (W.D. Mo.)
- *Dickson v. Direct Energy, LP, et al.*, No. 18-cv-00182 (N.D. Ohio)
- *Rolland v. Spark Energy, LLC*, Case. No. 17-cv-02680 (D.N.J.)
- *Evans v. American Power & Gas, LLC*, No. 17-cv-00515 (S.D. Ohio)
- *Fowler v. Wells Fargo Bank, N.A.*, No. 17-cv-02092 (N.D. Cal.)
- *Wilkins v. HSBC Bank Nevada, N.A., et al.*, No. 14-cv-00190 (N.D. Ill.)
- *Ott v. Mortgage Investors Corporation*, No. 14-cv-00645 (D. Or)
- *Booth v. AppStack, et al.*, No. 13-cv-01533 (W.D. Wash.)
- *Melito v. American Eagle Outfitters, Inc.*, No. 14-cv-02440-VEC (S.D.N.Y.)
- *Spencer v. FedEx Ground Package System, Inc.*, No. 14-2-30110-3 SEA (Wa. Sup. Ct., King Cty.)

# RAINA C. BORRELLI

Raina C. Borrelli is a founding member of Strauss Borrelli PLLC. Ms. Borrelli's practice focuses on complex class action litigation, including data privacy, Telephone Consumer Protection Act ("TCPA"), false advertising, and consumer protection cases in both state and federal courts around the country. Ms. Borrelli has served as lead, co-lead, and class counsel in numerous national class actions, including multi-district litigation. Additionally, Ms. Borrelli has substantial experience leading discovery teams in these complex class action matters, as well as in working with class damages experts and class damages models in consumer protection cases.

Ms. Borrelli received her J.D. *magna cum laude* from the University of Minnesota Law School in 2011. Prior to founding Strauss Borrelli, Ms. Borrelli was a partner at Gustafson Gluek, where she successfully prosecuted complex class actions in federal and state courts. Ms. Borrelli is an active member of the Minnesota Women's Lawyers and the Federal Bar Association, where she has assisted in the representation of *pro se* litigants though the *Pro Se* Project. Ms. Borrelli has repeatedly been named to the annual Minnesota "Rising Star" Super Lawyers list (2014-2021) by SuperLawyers Magazine. She has also been repeatedly certified as a North Star Lawyer by the Minnesota State Bar Association (2012-2015; 2018-2020) for providing a minimum of 50 hours of pro bono legal services.

Ms. Borrelli is a member of the Minnesota State Bar Association and has been admitted to practice in the United States District Court for the District of Minnesota, the United States District Court for the Eastern District of Wisconsin, the United States District Court for the Eastern District of Michigan, the United States District Court for the Northern District of Illinois, and the United States Court of Appeals for the Tenth Circuit.

In recent years, Ms. Borrelli has been appointed to leadership positions in a number of data privacy cases, including *In re Netgain Technology, LLC Consumer Data Breach Litigation*, No. 21-cv-01210 (D. Minn.) (Interim Executive Committee); *Dusterhoff, et al. v. OneTouchPoint Corp.*, No. 2:22-cv-00882 (E.D. Wisc.) (Plaintiffs' Steering Committee); *In re Lincare Holdings Inc. Data Breach Litigation*, No. 8:22-cv-01472 (M.D. Fl.) (Interim Executive Leadership Committee); *Forslund v. R.R. Donnelley & Sons Company*, No. 1:22-cv-04260 (N.D. Ill.) (interim co-lead counsel); *Medina v. PracticeMax Incorporated*, No. 2:22-cv-0126 (D. Az.) (Executive Leadership Committee); *In re C.R. England, Inc. Data Breach Litig.*, No. 2:22-cv-00374 (interim co-lead counsel); *Doe, et al. v. Knox College, Inc.*, No. 4:23-cv-04012 (C.D. Ill.) (co-lead counsel); and *In re OakBend Medical Center Data*

*Breach Litigation*, No. 4:22-cv-03740 (S.D. Tex.) (interim co-lead counsel). Ms. Borrelli has been substantially involved in a number of complex class action matters in state and federal courts including:

- *Daum, et al. v. K & B Surgical Center, LLC*, No. 21STCV41347 (Cal. Sup. Ct., Los Angeles Cty.)
- *Grogan v. McGrath RentCorp*, No. 3:22-cv-00490 (N.D. Cal.)
- *Benedetto, et al. v Southeastern Pennsylvania Transportation Authority*, No. 210201425 (C.C.P. Phila.)
- *Reetz v. Advocate Aurora Health, Inc.*, No. 20CV2361 (Wis. Cir. Ct., Branch 22, Milwaukee Cty.)
- *Goetz v. Benefit Recovery Specialists, Inc.*, No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.)
- *Reese v. Teen Challenge Training Center, Inc.*, No. 00093 (C.C.P. Phila.)
- *Lhota v. Michigan Avenue Immediate Care, S.C.*, No. 2022CH06616 (Ill. Cir. Ct., Cook Cty.)
- *Johnson, et al. v. Yuma Regional Medical Center*, No. 2:22-cv-01061 (D. Az.)
- *Baldwin v. Miracle-Ear, Inc.*, No. 20-cv-01502 (D. Minn.)
- *Murray, et al. v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, No. 1:19-cv-12608 (D. Mass.)
- *Goodell v. Van Tuyl Group, LLC*, No. 20-cv-01657 (D. Az.)
- *Learned, et al. v. McClatchy Company LLC*, No. 2:21-cv-01960 (E.D. Cal.)
- *Lang v. Colonial Penn Life Insurance Company*, No. 21-cv-00165 (N.D. Fla.)
- *Martinez v. ZoomInfo Technologies Inc.*, No. 21-cv-05725 (W.D. Wash.)
- *Abraham, et al. v. PeopleConnect, Inc.*, No. 3:20-cv-09203 (N.D. Cal.)
- *Boshears v. PeopleConnect, Inc.*, No. 21-cv-01222 (W.D. Wash.)
- *Mackey v. PeopleConnect, Inc.*, No. 1:22-cv-00342 (N.D. Ill.)
- *Sessa v. Ancestry.com Operations Inc., et al.*, No. 2:20-cv-02292 (D. Nev.)
- *Braundmeier v. Ancestry.com Operations, Inc.*, No. 1:20-cv-07390 (N.D. Ill.)
- *DeBose v. Dun & Bradstreet Holdings, Inc.*, No. 2:22-cv-00209 (D.N.J.)
- *Gbeintor, et al. v. DemandBase, Inc., et al.*, No. 3:21-cv-09470 (N.D. Cal.)
- *Spindler v. Seamless Contacts Inc.*, No. 4:22-cv-00787 (N.D. Cal.)
- *Kellman, et al. v. Spokeo, Inc.*, No. 3:21-cv-08976 (N.D. Cal.)
- *Brown v. Coty, Inc.*, No. 1:22-cv-02696 (S.D.N.Y.)
- *Benanav v. Healthy Paws Pet Insurance LLC*, No. 2:20-cv-00421 (W.D. Wash.)
- *Spindler, et al. v. General Motors LLC*, No. 3:21-cv-09311 (N.D. Cal.)
- *Hudock v. LG Electronics USA, Inc.*, No. 16-cv-1220 (JRT/KMM) (D. Minn.)
- *Patterson v. Respondus, Inc.*, No. 1:20-cv-07692 (N.D. Ill.)
- *Powell v. DePaul University*, No. 1:21-cv-03001 (N.D. Ill.)
- *Fee v. Illinois Institute of Technology*, No. 1:21-cv-02512 (N.D. Ill.)

- *Harvey v. Resurrection University*, No. 1:21-cv-03203 (N.D. Ill.)
- *In re FCA Monostable Gearshifts Litig.*, No. 16-md-02744 (E.D. Mich.)
- *Zeiger v. WellPet LLC*, No. 17-cv-04056 (N.D. Cal.)
- *Wyoming v. Procter & Gamble*, No. 15-cv-2101 (D. Minn.)
- *In re Big Heart Pet Brands Litig.*, No. 18-cv-00861 (N.D. Cal.)
- *Sullivan v. Fluidmaster*, No. 14-cv-05696 (N.D. Ill.)
- *Rice v. Electrolux Home Prod., Inc.*, No. 15-cv-00371 (M.D. Pa.)
- *Gorczynski v. Electrolux Home Products, Inc.*, No. 18-cv-10661 (D.N.J.)
- *Reitman v. Champion Petfoods*, No. 18-cv-1736 (C.D. Cal.)
- *Reynolds, et al., v. FCA US, LLC*, No. 19-cv-11745 (E.D. Mich.).

# CASSANDRA MILLER

Cassandra Miller is a partner at Strauss Borrelli PLLC whose practice focuses on complex class action litigation, including consumer protection, privacy, data breaches, and product liability. Ms. Miller is adept at navigating the intricate legal landscapes of both state and federal courts across the nation. Additionally, Ms. Miller has substantial experience leading teams in these complex class action matters.

Ms. Miller received her J.D. *magna cum laude* from the University of Illinois Chicago School of Law in 2006. Prior to joining Strauss Borrelli, Ms. Miller was a managing partner at Edelman Combs Latturner & Goodwin, LLC. There, Ms. Miller handled a wide range of consumer protection claims under key statutes such as the Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA), Uniform Commercial Code (UCC), Telephone Consumer Protection Act (TCPA), and Truth in Lending Act (TILA), as well as the Illinois Consumer Fraud and Deceptive Practices Act (ICFA), alongside related state and federal consumer statutes.

Ms. Miller is a member of the Illinois State Bar Association and has been admitted to practice in the United States District Court for the Northern District of Illinois, the United States District Court for the Central District of Illinois, the United States District Court for the Southern District of Indiana, the United States District Court for the Northern District of Indiana, and the United States Court of Appeals for the Seventh Circuit.

Ms. Miller has been substantially involved in a number of complex class action matters in state and federal courts including:

- *Pietras v. Sentry, 513 F. Supp. 2d 983 (N.D. Ill. 2007)*
- *Hernandez v. Midland Credit Mgmt., 2007 U.S. Dist. LEXIS 16054 (N.D. Ill. 2007)*
- *Balogun v. Midland Credit Mgmt., 2007 U.S. Dist. LEXIS 74845 (S.D. Ind. 2007)*
- *Miller v. Midland Credit Mgmt., 2009 U.S. Dist. LEXIS 18518 (N.D. Ill. 2009)*
- *American Family Mutual Ins. Co. V. CMA Mortgage, Inc., 2008 U.S. Dist. LEXIS 30233 (S.D. Ind. 2008)*
- *Herkert v. MRC Receivables Corp., 254 F.R.D. 344 (N.D. Ill. 2008)*
- *Walker v. Calusa Investments, LLC, 244 F.R.D. 502 (S.D. Ind. 2007)*
- *Frydman v. Portfolio Recovery Associates, LLC, 2011 U.S. Dist. LEXIS 69502 (N.D. Ill. 2011)*
- *Webb v. Midland Credit Mgmt., 2012 U.S. Dist. LEXIS 80006 (N.D. Ill. May 31,*

2012)

- *Tabiti v. LVNV Funding, LLC, 2017 U.S. Dist. LEXIS 5932 (N.D. Ill. Jan. 17, 2017), reconsideration denied, 2017 U.S. Dist. LEXIS 238583 (N.D. Ill., May 16, 2017)*
- *Wheeler v. Midland Funding LLC, 2020 U.S. Dist. LEXIS 52409 (N.D. Ill. July 31, 2017),*
- *Magee v. Portfolio Recovery Assocs., 2016 U.S. Dist. LEXIS 61389 (N.D. Ill. May 9, 2016), reconsideration denied, 2016 U.S. Dist. LEXIS 123573 (N.D. Ill. Sept. 13, 2016)*

# BRITTANY RESCH

Brittany Resch is a partner at Strauss Borrelli PLLC. Ms. Resch's practice focuses on complex class action litigation, including data breach, privacy, Telephone Consumer Protection Act ("TCPA"), false advertising, and consumer protection cases in both state and federal courts around the country. Since 2022, Ms. Resch has served as an adjunct professor at the University of Minnesota Law School teaching a seminar on e-Discovery.

Ms. Resch received her J.D. from the University of Minnesota Law School in 2015, after which she clerked for the Honorable Richard H. Kyle, Senior United States District Judge for the District of Minnesota. Prior to joining Strauss Borrelli PLLC, Ms. Resch was an associate at Gustafson Gluek, where she prosecuted complex antitrust, consumer protection, and civil rights class actions in federal and state courts. Ms. Resch was named one of the Attorneys of the Year in 2019 by Minnesota Lawyer for her work representing a pro se litigant in federal court through the *Pro Se* Project. Ms. Resch was also named a Rising Star in 2020 and 2021 and a 2021 Up & Coming Attorney by Minnesota Lawyer.

Ms. Resch has been an active member in the Federal Bar Association for a decade, holding various leadership and committee positions. Ms. Resch also assists in the representation of pro se litigants through the District of Minnesota Federal Bar Association's Pro Se Project. Ms. Resch is also an active member of Minnesota Women Lawyers. Ms. Resch has also been certified as a North Star Lawyer by the Minnesota State Bar Association for providing a minimum of 50 hours of pro bono legal services (2023, 2021, 2020, 2019).

Ms. Resch is a member of the Minnesota State Bar Association and has been admitted to practice in the United States District Court for the District of Minnesota and the United States District Court for the Northern District of Illinois.

Ms. Resch recently has significant experience in data privacy litigation and is currently litigating more than fifty data breach cases in courts around the country as counsel on behalf of millions of data breach victims, including *McKittrick v. Allwell Behavioral Health Services*, Case No. CH-2022-0174 (Muskingum County, Ohio) (appointed class counsel for settlement purposes); *Hall v. Centerspace, LP*, Case No. 22-cv-2028 (D. Minn.); *Morrison v. Entrust Corp., et al.*, Case No. 23-cv-415 (D. Minn.); *Batchelor v. MacMillan, et al.*, Case No. 157072/2023 (New York County, NY); *Tribbia, et al., v. Hanchett Paper Company*, Case No. 2022 CH 3677 (Cook County, IL); *Benedetto v. Southeastern Pennsylvania Transportation*

*Authority*, No. 210201425 (C.C.P. Phila.); *Corra, et al. v. ACTS Retirement Services, Inc.*, No. 2:22-cv-02917 (E.D. Pa.); *Lamie, et al. v. LendingTree, LLC*, No. 3:22-cv-00307 (W.D.N.C); and *In re Lincare Holdings Inc. Data Breach Litigation*, No. 8:22-cv-01472 (M.D. Fl.). Additionally, in recent years, Ms. Resch has been substantially involved in a number of complex class action matters in state and federal courts including:

- *Emmrich v. General Motors LLC*, No. 21-cv-05990 (N.D. Ill.)
- *Spindler v. General Motors LLC*, No. 21-cv-09311 (N.D. Cal.)
- *DeBose v. Dun & Bradstreet Holdings, Inc.*, No. 2:22-cv-00209 (D.N.J.)
- *Gbeintor, et al. v. DemandBase, Inc., et al.*, No. 3:21-cv-09470 (N.D. Cal.)
- *Kellman, et al. v. Spokeo, Inc.*, No. 3:21-cv-08976 (N.D. Cal.)
- *Kis v. Cognism Inc.*, No. 4:22-cv-05322 (N.D. Cal.)
- *Benanav, et al. v. Healthy Paws Pet Insurance, LLC*, No. 2:20-cv-00421-RSM (W.D. Wash.)
- *Martinez v. ZoomInfo Technologies Inc.*, No. 21-cv-05725 (W.D. Wash.)
- *Abraham, et al. v. PeopleConnect, Inc.*, No. 3:20-cv-09203 (N.D. Cal.)
- *Boshears v. PeopleConnect, Inc.*, No. 21-cv-01222 (W.D. Wash.)
- *Mackey v. PeopleConnect, Inc.*, No. 1:22-cv-00342 (N.D. Ill.)
- *Sessa v. Ancestry.com Operations Inc., et al.*, No. 2:20-cv-02292 (D. Nev.)
- *Braundmeier v. Ancestry.com Operations, Inc.*, No. 1:20-cv-07390 (N.D. Ill.)
- *Spindler v. Seamless Contacts Inc.*, No. 4:22-cv-00787 (N.D. Cal.)
- *Uhhariet v. MyLife.com, Inc.*, No. 21-cv-08229 (N.D. Cal.)
- *Patterson v. Respondus University, et al.*, No. 1:20-cv-07692 (N.D. Ill.)
- *Bridges v. Respondus University, et al.*, No. 1:21-cv-01785 (N.D. Ill.)
- *In re Broiler Chicken Antitrust Litigation*, No. 16-cv-08637 (N.D. Ill.)
- *In re Pork Antitrust Litigation*, No. 21-md-02998 (D. Minn.)
- *Hudock v. LG Electronics USA, Inc.*, No. 16-cv-1220 (JRT/KMM) (D. Minn.)
- *In re Asacol Antitrust Litigation*, No. 15-cv-12730 (D. Mass.)

# ALEX S. PHILLIPS

Alex Phillips is a partner at Strauss Borrelli PLLC. Mr. Phillips concentrates his practice in complex class action litigation and commercial litigation. He has represented both plaintiffs and defendants in high stakes litigation. Mr. Phillips has successfully obtained trial verdicts on behalf of his clients as well as negotiated numerous high-value settlements.

Mr. Phillips received his J.D. from the University of Wisconsin School of Law in 2017 and has been an active member of the Wisconsin State Bar as well as the Dane, Jefferson, and Dodge County Bar Associations.

In recent years, Mr. Phillips has been involved in a number of complex class action matters in state and federal courts including:

- *Benedetto v. Southeastern Pennsylvania Transportation Authority*, No. 210201425 (C.C.P. Phila.)
- *Grogan v. McGrath RentCorp*, No. 3:22-cv-00490 (N.D. Cal.)
- *Koeller, et al. v. Numrich Gun Parts Corporation*, No. 1:22-cv-00675 (S.D.N.Y.)
- *Mayhood v. Wilkins Recreational Vehicles, Inc.*, No. E2022-0701 (N.Y. Sup. Ct., Steuben Cty.)
- *Perkins v. WelldyneRx, LLC*, No. 8:22-cv-02051 (M.D. Fla.)
- *Batis v. Dun & Bradstreet Holdings, Inc.,* No. 3:22-cv-09124 (N.D. Cal.)
- *Sessa v. Ancestry.com Operations Inc., et al.*, No. 2:20-cv-02292 (D. Nev.)
- *Ambramson v. First American Home Warranty Corporation*, No. 2:22-cv-01003 (W.D. Pa.)
- *DeVivo v. Sovereign Lending Group Incorporated*, No. 3:22-cv-05254 (W.D. Wash.)
- *Murray, et al. v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, No. 1:19-cv-12608 (D. Mass.)
- *Spindler v. General Motors LLC*, No. 21-cv-09311 (N.D. Cal.)
- *Kellman v. Spokeo, Inc.*, No. 21-cv-08976 (N.D. Cal.)
- *Reetz v. Advocate Aurora Health, Inc.*, No. 20CV2361 (Wis. Cir. Ct., Branch 22, Milwaukee Cty.)
- *Goetz v. Benefit Recovery Specialists, Inc.*, No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.)
- *Hudock v. LG Electronics USA, Inc.*, No. 16-cv-1220 (D. Minn.)
- *Dickson v. Direct Energy, LP, et al.*, No. 18-cv-00182 (N.D. Ohio)
- *Benanav. v. Healthy Paws Pet Insurance, LLC*, No. 20-cv-00421 (W.D. Wash.)
- *Klaehn, et al. v. Cali Bamboo, LLC, et al.*, No. 19-cv-01498 (S.D. Cal.)

# CARLY ROMAN

Carly Roman is an attorney at Strauss Borrelli PLLC. Ms. Roman's practice focuses on complex class action litigation, including consumer protection, data breach, privacy, and Telephone Consumer Protection Act ("TCPA") cases in state and federal courts. Additionally, Ms. Roman has substantial experience advocating for consumers under California's Unfair Competition Law, the Consumers Legal Remedies Act, and the Song-Beverly Warranty Act.

Ms. Roman received her J.D. from the University of New Hampshire School of Law with High Honors. Prior to joining Strauss Borrelli, Ms. Roman honed her skills at a prominent consumer protection firm in California as well as in Chicago at one of the leading firms specializing in class actions and consumer rights. There, Ms. Roman litigated a variety of state and federal claims, including claims brought under the Fair Credit Reporting Act (FCRA), Magnuson-Moss Warranty Act, Telephone Consumer Protection Act (TCPA), and Truth in Lending Act (TILA), as well as the Illinois Consumer Fraud and Deceptive Practices Act (ICFA).

Ms. Roman is a member of the Illinois State Bar Association and The State Bar of California. In recent years, Ms. Roman has been involved in a number of complex class action matters in state and federal courts including:

- *Doe v. SSK Plastic Surgery,* 30-2025-01467755 (Cal. Sup. Ct., Orange Cty.)
- *Doe v. Jaime S. Schwartz MD PC,* 25STCV07155 (Cal. Sup. Ct., Los Angeles Cty.), *removed,* No. 2:25-cv-03393 (C.D. Cal.)
- *Cole v. Solairus Aviation LLC,* No. 3:25-cv-03035 (N.D. Cal.)
- *Dean, et al., v. New York Blood Center, Inc., et al.* No. 25-cv-01051 (S.D.N.Y.)
- *In re: DISA Global Data Breach Litigation,* No. 4:25-cv-00821 (S.D. Tex.)
- *Kelly v. Insomniac Games,* No. 24-CIV-05793 (Cal. Sup. Ct., San Mateo Cty.)
- *Palanti v. Lawble Inc., et al.,* No. 2023CH02120 (Ill. Cir. Ct., Cook Cty.), *removed,* No. 1:23-cv-02365 (N.D. Ill.)
- *Tamburo v. Hyundai Motor America (Corporation), et al.,* No. 1:23-cv-282 (N.D. Ill.)
- *Mirabile v. Bank of America, N.A.,* No. 1:23-cv-01719 (N.D. Ill.)
- *Fleury v. General Motors, LLC,* No. 1:22-cv-03862 (N.D. Ill.)
- *Rocio v. Mod Super Fast Pizza, LLC,* No 1:21-cv-00507 (N.D. Ill.)
- *Abruscato, et al. v. Wells Fargo, et al.,* No. 1:21-cv-00012 (N.D. Ill.)
- *Avery v. Cvi Sgp-Co Acquisition Trust, et al.,* No. 1:20-cv-06965 (N.D. Ill.)

# EXHIBIT 2



# FIRM RESUME

One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301

**Telephone:** 954.525.4100
**Facsimile:** 954.525.4300
**Website:** www.kolawyers.com

**Miami  –  Fort Lauderdale  –  Boca Raton**

## OUR
## FIRM

For over two decades, Kopelowitz Ostrow Ferguson Weiselberg Gilbert (KO) has provided comprehensive, results-oriented legal representation to individual, business, and government clients throughout Florida and the rest of the country. KO has the experience and capacity to represent its clients effectively and has the legal resources to address almost any legal need. The firm's 25 attorneys have practiced at several of the nation's largest and most prestigious firms and are skilled in almost all phases of law, including consumer class actions, multidistrict litigation involving mass tort actions, complex commercial litigation, and corporate transactions. In the class action arena, the firm has experience not only representing individual aggrieved consumers, but also defending large institutional clients, including multiple Fortune 100 companies.

## WHO
## WE ARE

The firm has a roster of accomplished attorneys. Clients have an opportunity to work with some of the finest lawyers in Florida and the United States, each one committed to upholding KO's principles of professionalism, integrity, and personal service. Among our roster, you'll find attorneys whose accomplishments include Board Certified in their specialty; serving as in-house counsel for major corporations, as city and county attorneys handling government affairs, and as public defenders and prosecutors; achieving multi-millions of dollars through verdicts and settlements in trials, arbitrations, and alternative dispute resolution procedures; successfully winning appeals at every level in Florida state and federal courts; and serving government in various elected and appointed positions.

KO has the experience and resources necessary to represent large putative classes. The firm's attorneys are not simply litigators, but rather, experienced trial attorneys with the support staff and resources needed to coordinate complex cases.

# CLASS ACTION PLAINTIFF

Since its founding, KO has initiated and served as lead class counsel in dozens of high-profile class actions. Although the actions are diverse by subject area, KO has established itself as one of the leading firms that sue national and regional banks and credit unions related to the unlawful assessment of fees. Their efforts spanning a decade plus have resulted in recoveries in excess of $500 million and monumental practices changes that have changed the industry and saving clients billions of dollars.

Additionally, other past and current cases have been prosecuted for breaches of insurance policies; data breaches; data privacy; wiretapping; biometric privacy; gambling; false advertising; defective consumer products and vehicles; antitrust violations; and suits on behalf of students against colleges and universities arising out of the COVID-19 pandemic.

The firm has in the past litigated certified and proposed class actions against Blue Cross Blue Shield and United Healthcare related to their improper reimbursements of health insurance benefits. Other insurance cases include auto insurers failing to pay benefits owed to insureds with total loss vehicle claims. Other class action cases include cases against Microsoft Corporation related to its Xbox 360 gaming platform, ten of the largest oil companies in the world in connection with the destructive propensities of ethanol and its impact on boats, Nationwide Insurance for improper mortgage fee assessments, and several of the nation's largest retailers for deceptive advertising and marketing at their retail outlets and factory stores.

**DEFENSE**

The firm also brings experience in successfully defended many class actions on behalf of banking institutions, mortgage providers and servicers, advertising conglomerates, aircraft manufacturer and U.S. Dept. of Defense contractor, a manufacturer of breast implants, and a national fitness chain.

**M LITIGATION**

The firm also has extensive experience in mass tort litigation, including serving as Lead Counsel in the Zantac Litigation, one of the largest mass torts in history. The firm also has handled cases against 3M related to defective earplugs, several vaginal mash manufacturers, Bayer in connection with its pesticide Roundup, Bausch & Lomb for its Renu with MoistureLoc product, Wyeth Pharmaceuticals related to Prempro, Bayer Corporation related to its birth control pill YAZ, and Howmedica Osteonics Corporation related to the Stryker Rejuvenate and AGB II hip implants. In connection with the foregoing, some of which has been litigated within the multidistrict arena, the firm has obtained tens of millions in recoveries for its clients.

**OF PRACTICE**

In addition to class action and mass tort litigation, the firm has extensive experience in the following practice areas: commercial and general civil litigation, corporate transactions, health law, insurance law, labor and employment law, marital and family law, real estate litigation and transaction, government affairs, receivership, construction law, appellate practice, estate planning, wealth preservation, healthcare provider reimbursement and contractual disputes, white collar and criminal defense, employment contracts, environmental, and alternative dispute resolution.

**ONLINE**

To learn more about KO, or any of the firm's other attorneys, please visit www.kolawyers.com.

# CLASS ACTION AND MASS TORTS

## FINANCIAL INSTITUTIONS

*Aseltine v. Bank of America, N.A.*, 3:23-cv-00235 (W.D.N.C. 2024) – $21 million

*McNeil v. Capital One, N.A.*, 1:19-cv-00473 (E.D.N.Y.) – $16 million

*Devore, et al. v. Dollar Bank*, GD-21-008946 (Ct. Common Pleas Allegheny 2024) - $7 million

*Nimsey v. Tinker Federal Credit Union*, C1-2019-6084 (Dist. Ct. Oklahoma 2024) - $5.475 million

*Precision Roofing of N. Fla. Inc., et al. v. CenterState Bank*, 3:20-cv-352 (S.D. Fla. 2023) - $2.65 million

*Checchia v. Bank of America, N.A.*, 2:21-cv-03585 (E.D. Pa. 2023) - $8 million

*Quirk v. Liberty Bank*, X03-HHD-CV20-6132741-S (Jud. Dist. Ct. Hartford 2023) - $1.4 million

*Meier v. Prosperity Bank*, 109569-CV (Dist. Ct. Brazoria 2023) - $1.6 million

*Abercrombie v. TD Bank, N.A.*, 0:21-cv-61376 (S.D. Fla. 2022) - $4.35 million

*Perks, et al. v. TD Bank, N.A.*, 1:18-cv-11176 (E.D.N.Y. 2022) - $41.5 million

*Fallis v. Gate City Bank*, 09-2019-CV-04007 (Dist. Ct., Cty. of Cass, N.D. 2022) - $1.8 million

*Glass, et al. v. Delta Comm. Cred. Union*, 2019CV317322 (Sup. Ct. Fulton Ga. 2022) - $2.8 million

*Roy v. ESL Fed. Credit Union*, 19-cv-06122 (W.D.N.Y. 2022) - $1.9 million

*Wallace v. Wells Fargo*, 17CV317775 (Sup. Ct. Santa Clara 2021) - $10 million

*Doxey v. Community Bank, N.A.*, 8:19-CV-919 (N.D.N.Y. 2021) - $3 million

*Coleman v. Alaska USA Federal Credit Union*, 3:19-cv-0229-HRH (Dist. of Alaska 2021) - $1 million

*Smith v. Fifth Third Bank*, 1:18-cv-00464-DRC-SKB (W.D. Ohio 2021) - $5.2 million

*Lambert v. Navy Federal Credit Union*, 1:19-cv-00103-LO-MSN (S.D. Va. 2021) - $16 million

*Roberts v. Capital One, N.A.*, 16 Civ. 4841 (LGS) (S.D.N.Y 2021) - $17 million

*Lloyd v. Navy Federal Credit Union*, 17-cv-01280-BAS-RBB (S.D. Ca. 2019) - $24.5million

*Farrell v. Bank of America, N.A.*, 3:16-cv-00492-L-WVG (S.D. Ca. 2018) - $66.6 million

*Bodnar v. Bank of America, N.A.*, 5:14-cv-03224-EGS (E.D. Pa. 2015) - $27.5 million

*Morton v. Green Bank*, 11-135-IV (20th Judicial District Tenn. 2018) - $1.5 million

*Hawkins v. First Tenn. Bank*, CT-004085-11 (13th Jud. Dist. Tenn. 2017) - $16.75 million

*Payne v. Old National Bank*, 82C01-1012 (Cir. Ct. Vanderburgh 2016) - $4.75 million

*Swift. v. Bancorpsouth*, 1:10-CV-00090 (N.D. Fla. 2016) - $24.0 million

*Mello v. Susquehanna Bank*, 1:09-MD-02046 (S.D. Fla. 2014) – $3.68 million

*Johnson v. Community Bank*, 3:11-CV-01405 (M.D. Pa. 2013) - $1.5 million

*McKinley v. Great Western Bank*, 1:09-MD-02036 (S.D. Fla. 2013) - $2.2 million

*Blahut v. Harris Bank*, 1:09-MD-02036 (S.D. Fla. 2013) - $9.4 million

*Wolfgeher v. Commerce Bank*, 1:09-MD-02036 (S.D. Fla. 2013) - $18.3 million

*Case v. Bank of Oklahoma*, 09-MD-02036 (S.D. Fla. 2012) - $19.0 million

*Hawthorne v. Umpqua Bank*, 3:11-CV-06700 (N.D. Cal. 2012) - $2.9 million

*Simpson v. Citizens Bank*, 2:12-CV-10267 (E.D. Mich. 2012) - $2.0 million

*Harris v. Associated Bank*, 1:09-MD-02036 (S.D. Fla. 2012) - $13.0 million

*LaCour v. Whitney Bank*, 8:11-CV-1896 (M.D. Fla. 2012) - $6.8 million

*Orallo v. Bank of the West*, 1:09-MD-202036 (S.D. Fla. 2012) - $18.0 million

*Taulava v. Bank of Hawaii*, 11-1-0337-02 (1st Cir. Hawaii 2011) - $9.0 million

## MDLs

*In re: Fortra File Transfer Software Data Breach Litigation*, MDL No. 3090 (S.D. Fla.) – $27 million

*In re: Evolve Bank & Trust Customer Data Breach Litig.*, MDL No. 3127 (W.D. Tenn.) - $17.0 million

*In re: Snowflake, Inc., Data Breach Litigation*, MDL No. 3126 (D. Mont.) - Co-Lead Counsel

*In re: Consumer Vehicle Driving Data Tracking Collection*, MDL No. 3115 (N.D. Ga.) - Exec. Comm.

*In re Change Healthcare, Inc. Data Breach Litigation*, MDL No. 3108 (D. Minn.) - Exec. Comm.

*In re: PowerSchool Holdings, Inc. Customer Data Breach Litig.*, MDL No. 3149 (S.D. Cal.) - Exec. Comm.

## DATA BREACH AND PRIVACY

*In Re: AT&T Inc Customer Data Security Breach Litigation*, 3:24-cv-00757 (N.D. Tex.) - $177 million

*McNally et al. v. Infosys McAmish Systems, LLC*, 1:24-cv-00995 (N.D. Ga.) - $17.5 million

*Crowe, et al. v. Managed Care of North America, Inc.*, 0:23-cv-61065-AHS (S.D. Fla.) – Co-Lead Counsel

*Malinowski, et al. v. IBM Corp. and Johnson & Johnson*, 7:23-cv-08421 (S.D.N.Y.) – Co-Lead Counsel

*Gordon, et al. v. Zeroed-In Technologies, LLC, et al.*, 1:23-CV-03284 (D. Md.) – Co-Lead Counsel

*Harrell, et al. v. Webtpa Employer Services LLC*, 3:24-CV-01158 (N.D. Tex.) - $13.75 million

*Gambino, et al. v. Berry Dunn Mcneil & Parker LLC*, 2:24-CV-00146 (D. Me.) - $7.25 million

*Isaac v. Greylock McKinnon Associates, Inc.*, 1:24-CV-10797 (D. Mass.) - $600,000

*Rodriguez, et al. v. Caesars Entertainment, Inc.*, 2:23-CV-01447 (D. Nev.) - Steering Committee Chair

*Owens v. MGM Resorts International*, 2:23-cv-01480-RFB-MDC (D. Nev.) - $45 million

*Doyle v. Luxottica of America, Inc.*, 1:20-cv-00908-MRB (S.D. Ohio) - Executive Committee

*Doe, et al. v. Highmark, Inc.*, 2:23-cv-00250-NR (W.D. Penn.) - Executive Committee

*Silvers, et al. v. HCA Healthcare, Inc.*, 1:23-cv-01003-LPH (S.D. In.) - Executive Committee

*In re: 21st Century Oncology*, MDL No. 2737 (M.D. Fla. 2021) - $21.8 million

*In re: CaptureRx Data Breach*, 5:21-cv-00523 (W.D. Tex. 2022) - $4.75 million

*Lopez, et al. v. Volusion, LLC*, 1:20-cv-00761 (W.D. Tex. 2022) - $4.3 million

*Mathis v. Planet Home Lending, LLC*, 3:24-CV-00127 (D. Conn.) - $2.425 million

*In re loanDepot Data Breach Litigation*, 8:24-cv-00136 (C.D. Cal.) - $25 million

*Stadnik v. Sovos Compliance, LLC*, 1:23-CV-12100 (D. Mass.) - $3.5 million

*Turner v. Johns Hopkins, et al.*, 24-C-23-002983 (Md. Cir. Ct.) - $2.9 million

*Peterson v. Vivendi Ticketing US LLC*, 2:23-CV-07498 (C.D. Cal.) - $3.25 million

*Katz et al. v. Einstein Healthcare Network*, 02045 (Pa. Ct. C.P., Phila.) - $1.6 million

*Opris et al v. Sincera Reproductive Medicine et al*, 2:21-cv-03072 (E.D. Pa.) - $1.2 million

*Garza et al v. Healthalliance, Inc. et al*, 7245012023 (N.Y. Sup. Ct.) - $1.29 million

*McLean et al. v. Signature Performance, Inc. et al.*, 8:24-cv-00230 (D. Neb.) - $8.5 million

*Wahab et al. v. Boston Children's Health Phys., LLP*, 73692/2024 (N.Y. Sup. Ct.) - $5.15 million

## CONSUMER PROTECTION

*Ostendorf v. Grange Indemnity Ins. Co.*, 2:19-cv-00147-ALM-KAJ (E.D. Ohio 2020) - $12.6 million

*Paris, et al. v. Progressive Select Ins. Co., et al.*, 19-21760-CIV (S.D. Fla. 2023) - $38 million

*Spielman v. USAA, et al.*, 2:19-cv-01359-TJH-MAA (C.D. Ca. 2023) - $3 million

*Walters v. Target Corp.*, 3:16-cv-1678-L-MDD (S.D. Cal. 2020) - $8.2 million

*Papa v. Grieco Ford Fort Lauderdale, LLC*, 18-cv-21897-JEM (S.D. Fla. 2019) - $4.9 million

*In re Disposable Contact Lens Antitrust Litig.*, MDL 2626 (M.D. Fla.) - $88 million

*Vandiver v. MD Billing Ltd.*, 2023LA000728 (18th Jud. Dist. Ill. 2023) - $24 million

*Skrandel v. Costco Wholesale Corp.*, 9:21-cv-80826-BER (S.D. Fla. 2024) - $1.3 million

*Evans v. Church & Dwight Co., Inc.*, 1:22-CV-06301 (N.D. Ill. 2023) - $2.5 million

*In Re: Farm-Raised Salmon & Salmon Prod. Antitrust Litig.*, No. 1:19-cv-21551 (S.D. Fla. 2023) - $75 million *Perry v. Progressive Michigan, et al.*, 22-000971-CK (Cir. Ct. Washtenaw) - Class Counsel

*In re Apple Simulated Casino-Style Games Litig.*, MDL No. 2958 (N.D. Cal.) - Executive Committee

*In re Google Simulated Casino-Style Games Litig.*, MDL No. 3001 (N.D. Cal.) - Executive Committee

*In re Facebook Simulated Casino-Style Games Litig.*, No. 5:21-cv-02777 (N.D. Cal.) - Exec. Committee

## MASS TORT

*In re Zantac Prods. Liab. Litig.*, MDL No. 2924 (S.D. Fla.) - Co-Lead Counsel

*In re: National Prescription Opiate Litigation*, No. MDL No. 2804 (N.D. Ohio) - $100 million

*In re: Juul Labs*, No. MDL No. 2913 (N.D. Cal.) - $26 million

*In re: Davenport Hotel Building Collapse*, LACE137119 (Dist. Ct. Scott Cty., Iowa) - Class Counsel

*In re: 3M Combat Arms Earplug Prod. Liab. Litig.*, MDL No. 2885 (N.D. Fla.) - Numerous

Plaintiffs *In re: Stryker Prod. Liab. Lit.*, 13-MD-2411 (Fla. Cir Ct.) - Numerous Plaintiffs



# JEFF OSTROW

**Managing Partner**
ostrow@kolawyers.com
954.332.4200

*Bar Admissions*
Florida Bar
District of Columbia Bar

*Court Admissions*
Supreme Court of the United States
U.S. Court of Appeals for the Eleventh Circuit
U.S. Court of Appeals for the Ninth Circuit
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida
U.S. District Court, Northern District of Florida
U.S. District Court, Northern District of Illinois
U.S. District Court, Eastern District of Michigan
U.S. District Court, Western District of Tennessee
U.S. District Court, Western District of Wisconsin
U.S. District Court, Western District of Kentucky
U.S. District Court, Northern District of New York
U.S. District Court, District of Colorado
U.S. District Court, Southern District of Indiana
U.S. District Court, Eastern District of Texas
U.S. District Court, District of Nebraska

*Education*
Nova Southeastern University, J.D. - 1997
University of Florida, B.A. – 1994

Jeff Ostrow is the Managing Partner of Kopelowitz Ostrow P.A. He established his own firm in 1997, immediately upon graduation from law school and has since grown KO to 30 attorneys with offices in South Florida, Philadelphia, and New York In addition to overseeing the firm's day-to-day operations and strategic direction, Mr. Ostrow practices full time in the area of consumer class actions. He is a Martindale-Hubbell AV® Preeminent™ rated attorney in both legal ability and ethics, which is the highest possible rating by the most widely recognized attorney rating organization in the world.

Mr. Ostrow is an accomplished trial attorney who has experience representing both Plaintiffs and Defendants. He has successfully tried many cases to verdict involving multi-million-dollar damage claims in state and federal courts. He is currently court-appointed lead counsel or sits on plaintiffs' executive committees in multiple high profile nationwide multi-district litigation actions involving cybersecurity breaches and related privacy issues.

Additionally, he has spent the past 15 years serving as lead counsel in dozens of nationwide and statewide class action lawsuits against many of the world's largest financial institutions in connection with the unlawful assessment of fees. To date, his efforts have successfully resulted in the recovery of over $1 billion for tens of millions of bank and credit union customers, as well as monumental changes in the way they assess fees. Those changes have forever revolutionized an industry, resulting in billions of dollars of savings. In addition, Mr. Ostrow has served as lead class counsel in many consumer class actions against some of the world's largest airlines, pharmaceutical companies, clothing retailers, health and auto insurance carriers, technology companies, and oil conglomerates, along with serving as class action defense counsel for some of the largest advertising and marketing agencies in the world, banking institutions, real estate developers, and mortgage companies. A selection of

settled class actions in which Mr. Ostrow has participated are listed herein above.

Mr. Ostrow often serves as outside General Counsel to companies, advising them in connection with their legal and regulatory needs. He has represented many Fortune 500® Companies in connection with their Florida litigation. He has handled cases covered by media outlets throughout the country and has been quoted many times on various legal topics in almost every major news publication, including the Wall Street Journal, New York Times, Washington Post, Miami Herald, and Sun-Sentinel. He has also appeared on CNN, ABC, NBC, CBS, Fox, ESPN, and almost every other major national and international television network in connection with his cases, which often involve industry changing litigation or athletes in Olympic swimming, professional boxing, the NFL, NBA and MLB.

Mr. Ostrow received a Bachelor of Science in Business Administration from the University of Florida in 1994 and Juris Doctorate from Nova Southeastern University in 1997. He is a licensed member of The Florida Bar and the District of Columbia Bar, is fully admitted to practice before the U.S. Supreme Court, U.S. Court of Appeals for the Ninth Circuit and Eleventh Circuit, the U.S. District Courts for the Southern, Middle, and Northern Districts of Florida, District of Colorado, Southern District of Indiana, Western District of Kentucky, Eastern District of Michigan, Northern District of Illinois, District of Nebraska, Northern District of New York, Western District of Tennessee, Eastern District of Texas, Western District of Wisconsin, Southern District of Indiana, Eastern District of Texas, and District of Nebraska. Mr. Ostrow is also member of several bar associations.

In addition to the law practice, he is the founder and president of ProPlayer Sports LLC, a full-service sports agency and marketing firm. He represents both Olympic Gold Medalist Swimmers, World Champion Boxers, and select NFL athletes, and is licensed by both the NFL Players Association as a certified Contract Advisor. At the agency, Mr. Ostrow handles all player-team negotiations of contracts, represents his clients in legal proceedings, negotiates all marketing and NIL engagements, and oversees public relations and crisis management. He has extensive experience in negotiating, mediating, and arbitrating a wide range of issues on behalf of clients with the NFL Players Association, the International Olympic Committee, the United States Olympic Committee, USA Swimming and the World Anti-Doping Agency. He has been an invited sports law guest speaker at New York University and Nova Southeastern University and has also served as a panelist at many  industry-related conferences.

He is a lifetime member of the Million Dollar Advocates Forum. The Million Dollar Advocates Forum is the most prestigious group of trial lawyers in the United States. Membership is limited to attorneys who have had multi-million dollar jury verdicts. Additionally, he is consistently named as one of the top lawyers in Florida by Super Lawyers®, a publication that recognizes the best lawyers in each state. Mr. Ostrow is an inaugural recipient of the University of Florida's Warrington College of Business Administration Gator 100 award for the fastest growing University of Florida alumni- owned law firm in the world.

When not practicing law, Mr. Ostrow serves on the Board of Governors of Nova Southeastern University's Wayne Huizenga School of Business and is the Managing Member of One West LOA LLC, a commercial real estate development company with holdings in downtown Fort Lauderdale. He has previously sat on the boards of a national banking institution and a national healthcare marketing company. Mr. Ostrow is a founding board member for the Jorge Nation Foundation, a 501(c)(3) non-profit organization that partners with the Joe DiMaggio Children's Hospital to send children diagnosed with cancer on all-inclusive Dream Trips to destinations of their choice. Mr. Ostrow resides in Fort Lauderdale, Florida, and has 3 sons.



# DAVID FERGUSON

Partner

### Bar Admissions
The Florida Bar

### Court Admissions
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida
U.S. District Court, Northern District of Florida

### Education
Nova Southeastern University, J.D. - 1993
Nova Southeastern University, B.S. – 1990

### Email: ferguson@kolawyers.com

David L. Ferguson is an accomplished trial attorney and chairs the firm's litigation department. He routinely leads high stakes litigation across a wide array of practice areas, including, but not limited to, employment law, complex business litigation, class actions, product liability, catastrophic personal injury, civil rights, and regulatory enforcement actions.

Mr. Ferguson is a Martindale-Hubbell AV® Preeminent™ rated attorney in both legal ability and ethics, a testament to the fact that his peers (lawyers and judges in the community) have ranked him at the highest level of professional excellence. Mr. Ferguson is well regarded as a formidable advocate in court and for providing creative and insightful strategic advice, particularly in emergency and extremely complex situations.

While in law school, Mr. Ferguson served as a Staff Member of the Nova Law Review. He was also a member of the Moot Court Society and the winner of the Moot Court Intramural Competition.

### Representation of the Broward Sheriff's Office

Since 2013, Mr. Ferguson has had the privilege of representing the Broward Sheriff's Office ("BSO") in over 150 matters involving many different types of disputes and issues, including: defense of civil rights lawsuits in state and federal court; negotiating collective bargaining agreements with unions; and arbitrations brought by unions or employees subjected to termination or other significant discipline. Mr. Ferguson has had many arbitration final hearings and state and federal jury trials for BSO representing the agency as well as the Sheriff and numerous Deputies individually.

### Class/Mass Actions

Mr. Ferguson has experience in class actions against large banks and some of the world's largest companies, including technology companies and oil conglomerates.

Additionally, during his career Mr. Ferguson has defended many large companies in MDL's, and mass and class actions, including medical equipment manufacturers, pharmaceutical companies, an aircraft parts and engine manufacturer and defense contractor, nationwide retailers, and a massive sugar manufacturer.

**Large Fraud and Ponzi Cases**

Mr. Ferguson has a great deal of experience litigating cases involving massive fraud claims, most often for victims, but also for select defendants. Mr. Ferguson's clients have included individual victims who have lost multiple millions of dollars in fraud schemes to large businesses with tremendous damages, including one international lending institution with damages in excess of $150 million. Additionally, Mr. Ferguson successfully represented several individuals and entities subjected to significant claims by a receiver and the United States Marshals Service in a massive billion-dollar Ponzi scheme involving a notorious Ft. Lauderdale lawyer and his law firm.

**Regulatory Agency Enforcement Actions**

Mr. Ferguson has extensive experience defending individuals and entities in significant enforcement actions brought by regulatory agencies, including the CFTC, FTC, and SEC.

**Employment, Human Resources, and Related Matters**

Mr. Ferguson has represented numerous business and individuals in employment and human resource related matters. Mr. Ferguson has represented several Fortune 50 companies, including Pratt & Whitney/UTC, Home Depot, and Office Depot in all phases of employment related matters. Mr. Ferguson has litigated virtually every type of discrimination and employment related claim, including claims based upon race, pregnancy, disability, national origin, religion, age, sexual preference, sexual harassment, worker's compensation, unemployment, FMLA leave, FLSA overtime, unpaid wages, whistleblower, and retaliation.

Mr. Ferguson primarily represents companies, but also represents select individuals who have claims against their present or former employers. In addition to the wide variety of employment claims discussed above, as plaintiff's counsel Mr. Ferguson has also handled federal False Claims Act (Qui Tam) and the Foreign Corrupt Practices Act claims brought by individuals.

**Business Disputes**

Throughout his legal career, as counsel for plaintiffs and defendants, Mr. Ferguson has handled a myriad of commercial cases involving all types of business disputes, including claims for breach of partnership agreements, breach of shareholder or limited liability company operating agreements; dissolution of corporations and limited liability companies; appointment of receivers; breaches of fiduciary duty; conversion; constructive trust; theft; negligent or intentional misrepresentation or omissions; fraudulent inducement; tortious interference; professional negligence or malpractice; derivate actions, breach of contract, real estate disputes, and construction disputes.

**Noncompetition and Trade Secret Litigation**

Mr. Ferguson routinely represents companies and individuals in commercial disputes involving unfair and deceptive trade practices, unfair competition and/or tortious interference with contracts or valuable business relationships. Often these cases involve the enforcement of noncompetition agreements and protection of valuable trade secrets. Mr. Ferguson has extensive experience representing businesses seeking to enforce their noncompetition agreements and/or protect trade secrets through suits for injunctive relief and damages and representing subsequent employers and individuals defending against such claims. He has obtained numerous injunctions for his clients and has also successfully defended against them numerous times, including getting injunctions dissolved that were entered against his clients without notice or prior to his representation. Mr. Ferguson has also obtained contempt sanctions and entitlement to punitive damages against individuals and entities who have stolen trade secrets from his clients.



# ROBERT C. GILBERT

Partner

**Bar Admissions**
The Florida Bar
District of Columbia Bar

**Court Admissions**
Supreme Court of the United States
U.S. Court of Appeals for the 11th Circuit
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida

**Education**
University of Miami School of Law, J.D. - 1985
Florida International University, B.S. - 1982

**Email:** *gilbert@kolawyers.com*

Robert C. "Bobby" Gilbert has over three decades of experience handling class actions, multidistrict litigation and complex business litigation throughout the United States. He has been appointed lead counsel, co-lead counsel, coordinating counsel or liaison counsel in many federal and state court class actions. Bobby has served as trial counsel in class actions and complex business litigation tried before judges, juries and arbitrators. He has also briefed and argued numerous appeals, including two precedent-setting cases before the Florida Supreme Court.

Bobby was appointed as Plaintiffs' Coordinating Counsel in *In re Checking Account Overdraft Litig.*, MDL 2036, class action litigation brought against many of the nation's largest banks that challenged the banks' internal practice of reordering debit card transactions in a manner designed to maximize the frequency of customer overdrafts. In that role, Bobby managed the large team of lawyers who prosecuted the class actions and served as the plaintiffs' liaison with the Court regarding management and administration of the multidistrict litigation. He also led or participated in settlement negotiations with the banks that resulted in settlements exceeding $1.1 billion, including Bank of America ($410 million), Citizens Financial ($137.5 million), JPMorgan Chase Bank ($110 million), PNC Bank ($90 million), TD Bank ($62 million), U.S. Bank ($55 million), Union Bank ($35 million) and Capital One ($31.7 million).

Bobby has been appointed to leadership positions is numerous other class actions and multidistrict litigation proceedings. He is currently serving as co-lead counsel in *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 9:20-md-02924-RLR (S.D. Fla.), as well as liaison counsel in *In re Disposable Contact Lens Antitrust Litig.*, MDL 2626 (M.D. Fla.); liaison counsel in *In re 21st Century Oncology Customer Data Security Breach Litig.*, MDL 2737 (M.D. Fla.); and *In re Farm-Raised Salmon and Salmon Products Antitrust Litig.*, No. 19-21551 (S.D. Fla.). He previously served as liaison counsel for indirect purchasers in *In re Terazosin Hydrochloride Antitrust Litig.*, MDL 1317 (S.D. Fla.), an antitrust class action that settled for over $74 million.

For the past 18 years, Bobby has represented thousands of Florida homeowners in class actions to recover full compensation under the Florida Constitution based on the Florida Department of Agriculture's taking and destruction of the homeowners' private property. As lead counsel, Bobby argued before the Florida Supreme Court to establish the homeowners' right to pursue their claims; served as trial counsel in non-jury liability trials followed by jury trials that established the amount of full compensation owed to the homeowners for their private property; and handled all appellate proceedings. Bobby's tireless efforts on behalf of the homeowners resulted in judgments exceeding $93 million.

Bobby previously served as an Adjunct Professor at Vanderbilt University Law School, where he co-taught a course on complex litigation in federal courts that focused on multidistrict litigation and class actions. He continues to frequently lecture and make presentations on a variety of topics.

Bobby has served for many years as a trustee of the Greater Miami Jewish Federation and previously served as chairman of the board of the Alexander Muss High School in Israel, and as a trustee of The Miami Foundation.



# JONATHAN M. STREISFELD

Partner

*r  d*

The Florida Bar

*r  d*

Supreme Court of the United States
U.S. Court of Appeals for the First, Second, Fourth, Fifth Ninth, and Eleventh Circuits
U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida
U.S. District Court, Northern District of Florida
U.S. District Court, Northern District of Illinois
U.S. District Court, Western District of Michigan
U.S. District Court, Western District of New York
U.S. District Court, Western District of Tennessee

*d*

Nova Southeastern University, J.D. - 1997
Syracuse University, B.S. - 1994

*r       d       r*

Jonathan M. Streisfeld joined KO as a partner in 2008. Mr. Streisfeld concentrates his practice in the areas of consumer class actions, business litigation, and appeals nationwide. He is a Martindale Hubbell AV® Preeminent™ rated attorney in both legal ability and ethics.

Mr. Streisfeld has vast and successful experience in class action litigation, serving as class counsel in nationwide and statewide consumer class action lawsuits against the nation's largest financial institutions in connection with the unlawful assessment of fees. To date, his efforts have successfully resulted in the recovery of over $500,000,000 for tens of millions of bank and credit union customers, as well as profound changes in the way banks assess fees. Additionally, he has and continues to serve as lead and class counsel for consumers in many class actions involving false advertising and pricing, defective products, data breach and privacy, automobile defects, airlines, mortgages, and payday lending. Mr. Streisfeld has also litigated class actions against some of the largest health and automobile insurance carriers and oil conglomerates, and defended class and collective actions in other contexts.

Mr. Streisfeld has represented a variety of businesses and individuals in a broad range of business litigation matters, including contract, fraud, breach of fiduciary duty, intellectual property, real estate, shareholder disputes, wage and hour, and deceptive trade practices claims. He also assists business owners and individuals with documenting contractual relationships and resolving disputes. Mr. Streisfeld has also provided legal representation in bid protest proceedings.

Mr. Streisfeld oversees the firm's appellate and litigation support practice, representing clients in the appeal of final and non-final orders, as well as writs of certiorari, mandamus, and prohibition. His appellate practice includes civil and marital and family law matters.

Previously, Mr. Streisfeld served as outside assistant city attorney for the City of Plantation and Village of Wellington in a broad range of litigation matters. As a member of The Florida Bar, Mr. Streisfeld served for many years on the Executive Council of the Appellate Practice Section and is a past Chair of the Section's Communications Committee.




# KEN GRUNFELD
Partner



**Bar Admissions**
The Pennsylvania Bar
The New Jersey Bar

**Court Admissions**
U.S. Court of Appeals for the Third, Fourth, Fifth, Ninth, Tenth and Eleventh Circuits
U.S. District Ct, Eastern District of Pennsylvania
U.S. District Ct, Middle District of Pennsylvania
U.S. District Ct, Western District of Pennsylvania
U.S. District Ct, District of New Jersey
U.S. District Ct, Eastern District of Michigan
U.S. District Ct, Western District of Wisconsin

**Education**
Villanova University School of Law, J.D., 1999
University of Michigan, 1996

**Email: grunfeld@kolawyers.com**

Ken Grunfeld is one of the newest KO partners, having just started working at the firm in 2023. Having worked at one of Philadelphia's largest and most prestigious defense firms for nearly a decade defending pharmaceutical manufacturers, national railroads, asbestos companies and corporate clients in consumer protection, products liability, insurance coverage and other complex commercial disputes while working, Mr. Grunfeld "switched sides" about 15 years ago.

Since then, he has become one of the city's most prolific and well-known Philadelphia class action lawyers. His cases have resulted in the recovery of hundreds of millions of dollars for injured individuals.

Mr. Grunfeld brings with him a wealth of pre-trial, trial, and appellate work experience in both state and federal courts. He has successfully taken many cases to verdict. Currently, he serves as lead counsel in a number of nationwide class actions. Whether by settlement or judgment, Mr. Grunfeld makes sure the offending companies' wrongful practices have been addressed.  He believes the most important part of bringing a wrongdoer to justice is to ensure that it never happens again; class actions can be a true instrument for change if done well.

Mr. Grunfeld has been named a Super Lawyer numerous times throughout his career. He has been a member of the Philadelphia, Pennsylvania, and American Bar Associations, as well as a member of the American Association for Justice (AAJ). He was a Finalist for AAJ's prestigious Trial Lawyer of the Year Award in 2012 and currently serves as AAJ's Vice Chair of the Class Action Law Group. To his strong view that attorneys should act ethically, he volunteers his time as a Hearing Committee Member for the Disciplinary Board of the Supreme Court of Pennsylvania.

Mr. Grunfeld received his undergraduate degree from the University of Michigan. He is an active member of the Michigan Alumni Association, Philadelphia chapter and serves as a Michigan Alumni Student recruiter for local high schools. He received his Juris Doctor from the Villanova University School of Law.  He was a member of the Villanova Law Review and graduated Order of the Coif.

Ken is a life-long Philadelphian. He makes his home in Bala Cynwyd, Pennsylvania, where he resides with his wife, Jennifer, and his year-old twins.

# KRISTEN LAKE CARDOSO

Partner



**Bar Admissions**

The Florida Bar
The State Bar of California

**Court Admissions**

U.S. District Court, Southern District of Florida
U.S. District Court, Middle District of Florida
U.S. District Court, Central District of California
U.S. District Court, Eastern District of California
U.S. District Court, Northern District of Illinois
U.S. District Court, Eastern District of Michigan

**Education**

Nova Southeastern University, J.D., 2007
University of Florida, B.A., 2004

---

Kristen Lake Cardoso is a litigation attorney focusing on consumer class actions and complex commercial litigation. She has gained valuable experience representing individuals and businesses in state and federal courts at both the trial and appellate levels in a variety of litigation matters, including contractual claims, violations of consumer protection statutes, fraud, breach of fiduciary duty, negligence, professional liability, real estate claims, enforcement of non-compete agreements, trade secret infringement, shareholder disputes, deceptive trade practices, and other business torts.

Currently, Ms. Cardoso serves as counsel in nationwide and statewide class action lawsuits concerning violations of state consumer protection statutes, false advertising, defective products, data breaches, and breaches of contract. Ms. Cardoso is actively litigating cases against major U.S. airlines for their failure to refund fares following flight cancellations and schedule changes, as well cases against manufacturers for their sale and misleading marketing of products, including defective cosmetics and nutritional supplements. Ms. Cardoso as also represented students seeking reimbursements of tuition, room and board, and other fees paid to their colleges and universities for in-person education, housing, meals, and other services not provided when campuses closed during the COVID-19 pandemic. Additionally, Ms. Cardoso has represented consumers seeking recovery of gambling losses from tech companies that profit from illegal gambling games offered, sold, and distributed on their platforms.

Ms. Cardoso is admitted to practice law throughout the states of Florida and California, as well as in the United States District Courts for the Southern District of Florida, Middle District of Florida, Central District of California, Eastern District of California Northern District of Illinois, and Eastern District of Michigan.

Ms. Cardoso attended the University of Florida, where she received her Bachelor's degree in Political Science, cum laude, and was inducted as a member of Phi Beta Kappa honor society. She received her law degree from Nova Southeastern University, magna cum laude. While in law school, Ms. Cardoso served as an Articles Editor for the Nova Law Review, was on the Dean's List, and was the recipient of a scholarship granted by the Broward County Hispanic Bar Association for her academic achievements. When not practicing law, Ms. Cardoso serves as a volunteer at Saint David Catholic School, including as a member of the school Advisory Board and an executive member of the Faculty Student Association. She has also served on various committees with the Junior League of Greater Fort Lauderdale geared towards improving the local community through leadership and volunteering.



# STEVEN SUKERT

Partner

**Bar Admissions**
The Florida Bar
The New York Bar

**Court Admissions**
United States District Court, Southern District of Florida
United States District Court, Middle District of Florida
United States District Court, Southern District of New York
United States District Court, Eastern District of New York
United States District Court, Northern District of Illinois
United States District Court, Central District of Illinois

**Education**
Georgetown University Law Center, J.D., 20018
Northwestern University, B.S., 2010

**Email: sukert@kolawyers.com**



Steven Sukert has experience in all aspects of complex litigation in federal and state court, including drafting successful dispositive motions and appeals, handling discovery, and arguing court hearings. Steven focuses his practice at KO on complex class actions and multi-district litigations in courts around the country, including in data privacy, bank overdraft fee, and other consumer protection cases.

Before joining KO, Steven gained experience at Munster, Yoakley Stewart, P.A. in Miami in high-stakes commercial cases often involving trade secret and intellectual property claims, consumer contract claims, and legal malpractice claims, as well as in international arbitrations. Steven co-authored an amicus brief in the Florida Supreme Court case Airbnb, Inc. v. Doe Case No. SC20-117, and helped organize the American Bar Association's inaugural International Arbitration Masterclass, in 2021.

Steven was born and raised in Miami. He returned to his home city after law school to clerk for the Honorable James Lawrence King in the U.S. District Court for the Southern District of Florida.

In 2018, Steven earned his J.D. from Georgetown University Law Center. While living in the nation's capital, he worked at the U.S. Department of Labor, Office of the Solicitor, where he won the Mary S. Tell E ISA Litigation Award the Civil Fraud Section of the U.S Department of Justice, where he worked on large Medicare fraud cases and pioneered the use of the False Claims Act in the context of pharmaceutical manufacturers who engaged in price fixing and the Lawyers' Committee for Civil Rights Under Law, where his proposal for writing an amicus brief in the Janus v. AFSCME U.S. Supreme Court case was adopted by the organization's board of directors.

Steven has a degree in Molecular Biology from Northwestern University. Prior to his legal career, he worked as a biomedical laboratory researcher at the Diabetes Research Institute in Miami.



# CAROLINE HERTER
Associate



### Bar Admissions
The Florida Bar

### Court Admissions
U.S. District Court, Middle District of Florida
U.S. District Court, Southern District of Florida
U.S. Bankruptcy Court, Southern District of Florida

### Education
University of Miami School of Law, J.D. - 2020
University of Miami, B.S. – 2016

### Email: Herter@kolawyers.com

Caroline Herter is a litigation attorney at the firm's Fort Lauderdale office.  Caroline focuses her practice on consumer class actions, mass torts, and white-collar commercial litigation in state and federal courts nationwide.  She has gained valuable experience representing individuals and businesses to hold wrongdoers accountable through claims involving personal injury, wrongful death, consumer fraud, products liability, breach of fiduciary duty, civil theft/conversion, corporate veil-piercing, fraudulent transfer, tortious interference, False Claims Act violations, and the like.

Before joining KO, Caroline worked at a boutique law firm in Miami where she represented plaintiffs in matters involving creditor's rights, insolvency, and asset recovery.  She now applies this experience throughout her practice at KO, often combining equitable remedies with legal claims to ensure the best chance of recovery for her clients.

Notable cases that Caroline has been involved in include *In Re: Champlain Towers South Collapse Litigation*, where she was a member of the team serving as lead counsel for the families of the 98 individuals who lost their lives in the tragic condominium collapse.  The case resulted in over $1 billion recovered for class members, the second-largest settlement in Florida history.  She also co-authored a successful petition for certiorari to the United States Supreme Court in *Olhausen v. Arriva Medical, LLC et al.*, a False Claims Act case involving the standard for determining a defendant's scienter, which led the high Court to reverse the Eleventh Circuit Court of Appeal's earlier ruling against her client.

Caroline earned her law degree from the University of Miami School of Law, summa cum laude, where she received awards for the highest grade in multiple courses.  During law school Caroline was an editor of the University of Miami Law Review and a member of the Moot Court Board.

Outside of her law practice, Caroline serves on the Board of Directors of the non-profit organization Americans for Immigrant Justice.

# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| GERISUE HANCOCK, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL NO. 7R,<br><br>        Defendant. | **[PROPOSED] ORDER CONSOLIDATING CASES AND APPOINTING INTERIM CO-LEAD CLASS COUNSEL**<br><br>Civil Action No.: 1:25-cv-03013-TPO |
| ZACHARY LEWIS, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL NO. 7R,<br><br>        Defendant. | Civil Action No.: 1:25-cv-03063 |
| LANCE HEATH, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL NO. 7R,<br><br>        Defendant. | Civil Action No.: 1:25-cv-03105 |

**[PROPOSED] ORDER CONSOLIDATING CASES AND APPOINTING
INTERIM CO-LEAD CLASS COUNSEL**

The Court has reviewed the Motion to Consolidate Cases and Appoint Interim Class
Counsel (the "Motion") submitted by Plaintiffs Gerisue Hancock, Zachary Lewis, and Lance
Heath, as well as the accompanying exhibits, and has determined consolidation of the Related
Actions and appointment of Interim Co-lead Counsel will promote judicial efficiency and orderly
case management while avoiding unnecessary cost and delay.

Therefore, **IT IS ORDERED** that the Motion is **GRANTED** as set forth below:

1.      Pursuant to Fed. R. Civ. P. 42(a), the Court hereby consolidates *Hancock v. United
Food and Commercial Workers Union, Local No. 7R*, Case No. 1:25-cv-03013-TPO, *Lewis v. United
Food and Commercial Workers Union, Local No. 7R*, Case No. 1:25-cv-03063, and *Heath  v. United
Food  and  Commercial  Workers  Union  Local  No.  7R*, Case  No.  1:25-cv-03105 (the "Related
Actions") into the lowest docketed case: *Hancock v. United Food and Commercial Workers Union,
Local No. 7R*, Case No. 1:25-cv-03013-TPO (the "Consolidated Action").

2.      No further filings shall be made in Case Nos. 1:25-cv-03063 and 1:25-cv-03105,
which shall be administratively closed. All pleadings therein maintain their legal relevance until
the filing of the Consolidated Complaint. The Consolidated Complaint shall be filed within the
next 30 days, as further set forth below. This Order shall apply to any subsequently filed putative
class action alleging the same or substantially similar allegations.

3.      All papers previously filed and served to date in the Related Actions are deemed
part of the record in the Consolidated Action.

4.      Plaintiffs shall file a Notice of Related Case whenever a case that should be
consolidated into this action is filed in, or transferred to, this District. If any party objects to such

consolidation or otherwise wishes to seek alternative relief, they shall do so within ten (10) calendar days.  If the Court determines that the case is related, the clerk shall:

      a.      Place a copy of this Order in the separate docket for such action;

      b.      Serve on Plaintiff's counsel in the new case a copy of this Order;

      c.      Direct this Order to be served upon Defendant(s) in the new case; and

      d.      Make the appropriate entry on the Master Docket.

5.      The Court shall enter a scheduling order for further pretrial proceedings as soon as is reasonably practicable.

6.      Plaintiffs shall file an operative Consolidated Complaint within 30 days of the date of this Order. Defendant shall have 30 days from the date on which Plaintiffs file the Consolidated Complaint to file a response thereto. In the event Defendant's response is a motion to dismiss or a motion to compel arbitration, Plaintiffs shall have 30 days to file their opposition brief, and Defendant shall have 21days to file a reply brief.

**IT IS FURTHER ORDERED**, that, having given due consideration to the relevant factors set forth in Rule 23(g)(1) and (4), including, without limitation, Rule 23(g)(1)(A)(i)-(iv), and finding that Proposed Interim Co-Lead Counsel meet the adequacy requirements thereunder, the following firms are appointed and shall serve as overall Plaintiffs' Interim Co-Lead Counsel, in accordance with Rule 23(g)(3):

1.      Raina C. Borrelli of **Strauss Borrelli, PLLC;** and

2.      Jeff Ostrow of **Kopelowitz Ostrow P.A.**

Interim Co-Lead Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class and to provide general supervision of the activities of Plaintiffs' counsel in the Consolidated Action. Specifically, Interim Co-Lead Counsel

shall have the following responsibilities, duties, and sole authority:

a.   Draft and file the master consolidated complaint, and have final authority regarding what claims and parties are to be included;

b.   Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of Plaintiffs and the putative class on matters arising during the pretrial proceedings;

c.   Coordinate and conduct discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Colorado;

d.   Consult with and employ consultants and/or expert witnesses;

e.   Draft and file a motion for class certification on behalf of Plaintiffs and the putative Class;

f.   Conduct all pre-trial proceedings on behalf of Plaintiffs and the putative Class;

g.   Enter into stipulations and agreements with Defendant;

h.   Sign all papers filed on behalf of Plaintiffs and the putative Class;

i.   Convene meetings of all Plaintiffs' counsel, as necessary;

j.   Form task-specific subcommittees of Plaintiffs' counsel, as appropriate;

k.   Conduct settlement negotiations with Defendant;

l.   Maintain an up-to-date service list of all Plaintiffs' counsel for all consolidated cases, and promptly advise the Court and Defendant's counsel of changes thereto;

m.   Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendant's counsel or the Court that are not electronically filed;

n.   Appear at Court-noticed status conferences and hearings;

o.   Be the contact persons for all Plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of the litigation;

    p.    Delegate specific tasks to other Plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for Plaintiffs and the putative Class is conducted effectively, efficiently, and economically;

    q.    Otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties as the Interim Co-Lead Class Counsel deem necessary to advance the litigation or as authorized by further Order of the Court;

    r.    Maintain and collect time and expense records for work performed, time billed, costs incurred and other disbursements made by Plaintiffs' counsel whose work Interim Co-Lead Class Counsel has specifically authorized, and submit at the Court's request, in writing, *ex parte* and *in camera* reports to the Court regarding time billed in the prosecution of this action;

    s.    Fund the necessary and appropriate costs of discovery and other common benefit efforts; and

    t.    Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

It is the Court's intent that, as to all matters common to these coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all Plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through Interim Co-Lead Counsel.

Interim Co-Lead Counsel may organize subcommittees or other structures as necessary to aid in effective and efficient litigation as necessary. Interim Co-Lead Counsel may also delegate common benefit work responsibilities to other counsel to the extent non-leadership counsel's skill set will maximize the efficiency of this litigation.

**IT IS FURTHER ORDERED** that all other Plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from Interim Co-Lead Counsel, except for an application to modify or be relieved from this Order.

**IT IS FURTHER ORDERED** that the mere communication of otherwise privileged

information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

**IT IS FURTHER ORDERED** that counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the Local Rules of the United States District Court for the District of Colorado.

It is hereby **ORDERED** that this Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

**IT IS SO ORDERED.**

Dated: _____, 2025

_____
United States District Judge